**LOYR, APC**
YOUNG W. RYU, ESQ. (SBN 266372)
young.ryu@loywr.com
ELIZABETH M. VOTRA, ESQ. (SBN 310717)
elizabeth.votra@loywr.com
ALEXANDER D. WALLIN, ESQ. (SBN 320420)
alexander.wallin@loywr.com
SARAH H. COHEN, ESQ. (SBN 330700)
sarah.cohen@loywr.com
3130 Wilshire Boulevard, Suite 209
Los Angeles, California 90010
Telephone:   (888) 365 – 8686
Facsimile:    (800) 576 – 1170

Attorneys for Plaintiff IAN LENAHAN

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| IAN LENAHAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 21STCV07780<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **DISABILTY DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a);**<br>2. **RETALIATION IN VIOLATION OF GOV'T CODE § 12940 *ET SEQ.*;**<br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE § 12940(k);**<br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE § 12940(m);**<br>5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE § 12940(n);**<br>6. **HOSTILE WORK ENVIRONMENT/HARRASSMENT IN VIOLATION OF GOV'T CODE 12940** |

- 1 -
FIRST AMENDED COMPLAINT

*ET SEQ.*
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
9. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS IN VIOLATION OF CAL. LABOR CODE § 1198.5**

**DEMAND FOR JURY TRIAL**

Plaintiff IAN LENAHAN, an individual ("Plaintiff"), hereby brings this First Amended Complaint for damages against Defendant TARGET CORPORATION a California corporation ("Defendant"); and DOES 1 through 25, inclusive, (collectively, "Defendants") and states and alleges as follows:

**THE PARTIES**

1.   Plaintiff was, at all times relevant to this Complaint, an adult individual working in the city of Los Angeles, in the county of Los Angeles, California.

2.   At all times relevant to this Complaint, Defendant TARGET CORPORATION, is and was a California corporation, operating and doing business in the county of Los Angeles, California.

3.   Plaintiff is unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1–25, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure Section 474 once their names and capacities become known.

4.   Plaintiff is informed and believes, and thereon alleges, that DOES 1–25 are the partners, agents, owners, shareholders, managers, principals or employees of Defendants

and/or and were acting on behalf of Defendants.

5. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by or is attributable to Defendants and/or DOES 1–25, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the policy of, all Defendants.

6. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages herein alleged.

7. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## JURISDICTION

8. This action is properly filed in Los Angeles County because the acts and omissions that give rise to Plaintiff's claims took place in Los Angeles County, California, as Plaintiff was employed by Defendants in Los Angeles County, California, and Defendants transact business in this County.

9. Venue is proper in this Court because Defendants regularly conduct business in Los Angeles County, because Plaintiff lives in Los Angeles County, and because the conduct alleged herein which gives rise to the claims asserted occurred within Los Angeles County.

## ALTER EGO

10. Plaintiff is informed and believes, and based thereon alleges that there exists such a unity of interest and ownership between TARGET CORPORATION, and DOES 1-25

- 3 -
FIRST AMENDED COMPLAINT

that the individuality and separateness of defendants have ceased to exist.

11. Plaintiff is informed and believes, and based thereon alleges that despite the formation of purported corporate existence, TARGET CORPORATION, and DOES 1-25 are, in reality, one and the same including, but not limited to, because:

    a. TARGET CORPORATION is completely dominated and controlled by DOES 1-25, who personally committed the violations of laws as set forth in this complaint, and who have hidden and currently hide behind TARGET CORPORATION to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

    b. DOES 1-25 is the owner, director, officer, and/or managing agent of TARGET CORPORATION, and the term managing agent has the same meaning as in subdivision (b) of Section 3294 of the California Civil Code.

    c. DOES 1-25 derive actual and significant monetary benefits by and through TARGET CORPORATION, and their unlawful conduct, and by using TARGET CORPORATION as the funding source for their own personal expenditures.

12. Plaintiff is informed and believes that TARGET CORPORATION, and DOES 1-25, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

13. Plaintiff is informed and believes that TARGET CORPORATION and DOES 1-25 do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

14. Plaintiff is informed and believes, and based thereon alleges, that the business affairs TARGET CORPORATION, and DOES 1-25 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. TARGET CORPORATION, at all times relevant hereto was, used by DOES 1-25 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and

is, and was, the alter ego of DOES 1-25. The recognition of the separate existence of TARGET CORPORATION, and DOES 1-25, would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Civil Code, Labor Code, and other statutory violations. The corporate existence of TARGET CORPORATION, and DOES 1-25 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15. Accordingly, TARGET CORPORATION, and DOES 1-25 constitute the alter ego of each other, and the fiction of their separate corporate existence must be disregarded.

16. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that TARGET CORPORATION, and DOES 1-25 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of TARGET CORPORATION, and DOES 1-25. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

18. On February 26, 2021, prior to filing this complaint, Plaintiff filed with the Department of Fair Employment and Housing ("DFEH") a Complaint of Employment Discrimination under the California Fair Employment and Housing Act ("FEHA") (Gov. Code § 12900, et seq.) against Defendants.

19. On February 26, 2021, the DFEH issued a Notice of Case Closure and Right-to-Sue letter to Plaintiff, authorizing him to file a private lawsuit against Defendants in order

to enforce his rights under the FEHA to full and equal employment opportunities free from unlawful discrimination. Therefore, Plaintiff has exhausted all administrative remedies required by the FEHA as a prerequisite to filing this action.

20.  This action is not preempted by the California Workers' Compensation Act because retaliation is not a risk or condition of employment.

**FACTUAL ALLEGATIONS**

21.  Plaintiff began working for Defendants as an Asset Loss Prevention Officer in or around April 2004 until he was wrongfully terminated on or around February 2020.

22.  Plaintiff was a salaried employee making approximately $110,00.00 annually.

23.  At the time of Plaintiff's termination, his job title was "Loss Prevention Officer".

24.  In or around October 2019, Plaintiff took approximately 60 days off for medical leave due to work-related stress. Said medical leave was formally requested by Plaintiff and approved by Defendants' Human Resources Department

25.  Upon Plaintiff's return to work, Plaintiff's supervisor Emerson Galicio singled Plaintiff out so as to make his job performance standards increasingly difficult to meet. For example, before Plaintiff's leave, there was no apprehension quota (i.e., a minimum amount of suspects that an Officer is required to apprehend within a given time period). After Plaintiff's leave, however, Emerson instituted a minimum apprehension quota for Plaintiff as well as the undercover officers under Plaintiff's command. To make matters more difficult for Plaintiff, Plaintiff was understaffed but not by any fault of Plaintiff. Plaintiff had made several requests to increase his staff but these requests fell on deaf ears. Instead, Plaintiff was reprimanded for not "having enough staff". These staffing decisions were not within Plaintiff's control.

26.  Around late January 2020, there was an incident in Defendants' store where Plaintiff apprehended a suspect. During the apprehension there was a safety issue relating to

the suspect reaching or using his cell phone. Specifically, the suspect was reaching for his cell phone or attempting to use his cell phone which created the safety concern that the suspect would call his own backup – e.g. people who could come to the scene and pose a further safety threat to officers. In addition to Plaintiff, one out of two other officers were involved in the apprehension. One of these officers confiscated the cell phone from the suspect. It is allegedly against Defendants' policy to confiscate the personal property of suspects. Shortly thereafter, PNC was terminated for allegedly violating the company policy that prohibits loss prevention from taking personal property from suspects during apprehension. However, there is video footage that clearly depicts another officer confiscating the phone from the suspect. This other officer was not written up. Instead, Defendants saw this as an opportunity to terminate Plaintiff, not for the pretextual reason of "policy violation" but for his known disability.

27.  Notably, about one to two weeks prior to Plaintiff's termination, Plaintiff was diagnosed with Attention Deficit Disorder, Depression and Anxiety. Medical documentation was provided to Defendant. Upon reporting his diagnoses to his supervisor Emerson Galicio, Emerson belittled Plaintiff and asked him "are you telling me you can't do your job?" despite the fact that Plaintiff had not indicated otherwise. Furthermore, it was not until Plaintiff's diagnoses that Defendants took issue with the suspect apprehension incident

28.  On or around February 2020, Defendants terminated Plaintiff's employment, citing "policy violations". On information and belief, Defendants terminated Plaintiff for having a disability, for requesting accommodations, and for other enumerated protected characteristics listed herein.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### IN VIOLATION OF GOV'T CODE § 12940(a)

29.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

30. At all times herein mentioned, Government Code section 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

31. Government Code section 12940, subdivision (a) requires Defendants to refrain from discriminating against any employee on the basis of, inter alia, one's disability status.

32. As discussed above, Plaintiff was discriminated against in the terms, conditions, and privileges of employment as the result of his disability and request for accommodations.

33. The above said acts of Defendants constituted discrimination in violation of public policy and in violation of Government Code section 12940, et seq.

34. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, the intangible loss of employment related opportunities in his field, and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

35. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believe, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period of time in the future not presently ascertainable, all in an amount subject to proof at the time of trial

36. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and are expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

## SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF GOV'T CODE § 12940 *ET SEQ.*

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. California Government Code § 12940 et seq. makes it unlawful for any person to retaliate against an employee who has requested an accommodation.

39. Plaintiff engaged in protected activity by requesting and utilizing disability accommodations.

40. Plaintiff suffered an adverse employment action, including but not limited to termination and denial of reasonable accommodations.

41. Defendants' conduct, as alleged above, constituted unlawful retaliation in employment on account of Plaintiff's complaints and accommodations request in violation of California Government Code § 12940 et seq.

42. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary, the intangible loss of employment-related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

43. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, anxiety, depression, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed

and believes, and hereon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

44. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION, AND RETALIATION IN VIOLATION OF GOV'T CODE § 12940(k)

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. FEHA expressly requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Government Code § 12940(k).

47. Defendants were, at all times material hereto, Plaintiff's employer pursuant to Government Code § 12915(d) and were therefore required to prevent discrimination.

48. Defendants knew of the discrimination created by Defendants' discriminatory conduct.

49. Defendants, through their agents, managers and employees were on actual and constructive notice of the conduct described herein.

50. Defendants and their agents, managers and employees, violated Government Code § 12940 et seq., by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

51. Defendants failed to fulfill their statutory duty to timely take all reasonable and necessary steps to prevent discrimination, harassment, and retaliation from occurring in the

workplace, as required by Government Code § 12940(k).

52. Defendants refused to engage in any discussion regarding the interactive process with Plaintiff to arrive at a reasonable solution, which is required under Government Code § 12940 (k). Instead, Defendants terminated Plaintiff for pretextual reasons.

53. As a direct and legal result of Defendants' discrimination and the resulting hostile work environment, Plaintiff has suffered and continue to suffer, great mental, physical discomfort, annoyance, distress, anguish, fear, worry, anxiety, pain and suffering, loss of income, and related benefits, medical expenses, and attorney's fees, all to his damage in an amount according to proof.

54. Defendants intentionally discriminated against Plaintiff due to his disability status retaliated against Plaintiff for requesting disability accommodations, fraudulently, oppressively, with the wrongful intention of injuring Plaintiff, with an evil and sinister purpose and/or conscious disregard for Plaintiff' rights. Based on the foregoing, Plaintiff is entitled to punitive damages in an amount according to proof.

55. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary, the intangible loss of employment-related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, anxiety, depression, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and hereon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

57. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF GOV'T CODE § 12940(m)

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

60. Under the Fair Employment and Housing Act (FEHA), Government Code section 12940(m), "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California, for an employer or other entity covered by this part to fail to make reasonable accommodations for the known physical or mental disability of an applicant or employee. Nothing in this subdivision or paragraph (1) or (2 of subdivision (a) shall be construed to require an accommodation that is demonstrated by the employer or other covered entity to produce undue hardship to its operation."

61. The acts of Defendants, and each of them, were in violation of California Government Codes § 12940(m). Said statute imposes certain duties upon Defendants, and each of them, concerning reasonable accommodations for persons with known disabilities such as Plaintiff. Said statutes were intended to prevent the type of injury and damage set forth herein.

62. Plaintiff was, at all times material hereto within the protected class covered by California Government Code § 12940 et seq., prohibiting harassment, discrimination, and providing relief to reasonably accommodate persons with disabilities.

63. By the acts and conduct described above, Defendants, and each of them, in violation of the aforementioned statutes, knew about, or should have known about, and failed to timely and reasonably accommodate Plaintiff due to his disability. The acts of discrimination described herein were sufficiently pervasive so as to create an abusive working environment. Defendants, and each of them, did not provide a reasonable accommodation for Plaintiff's known disability and they did not have a legitimate reason for failing to do so. Such discrimination unreasonably interfered with Plaintiff's work performance, and created an intimidating, hostile and offensive work environment.

64. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

65. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

66. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

entitled to recover: attorneys' fees and costs under California Government Code § 12965(b).

## FIFTH CAUSE OF ACTION
## FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE § 12940(n)

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

69. According to California Government Code § 12940 (n), it is an unlawful employment practice for an employer or other covered entity to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations.

70. Plaintiff is informed, believes, and thereon alleges that Defendants actions fell far below the sort of interactive process which is required by California Government Code § 12940 (n), to accommodate Plaintiff's known disabilities.

71. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

72. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed

and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

73. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## SIXTH CAUSE OF ACTION

**HOSTILE WORK ENVIRONMENT/HARRASSMENT IN VIOLATION OF GOV'T CODE 12940 et seq.**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. The conduct of Defendants, and each of them, created a hostile work environment for Plaintiff making the conditions of employment intolerable in direct contravention of Government Code section 12940 et seq. As mentioned throughout this complaint, Defendants, and each of them, subjected Plaintiff to harassment by offensive and repugnant actions upon Plaintiff.

76. Defendants ratified the hostile work environment referred to herein, by refusing to eliminate Plaintiff's hostile work environment and by adopting and approving Defendants' conduct.

77. As a direct and proximate result of Defendants' discrimination and retaliatory actions against Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical illness, as well as emotional distress, and attorneys' fees, all to his damage in an amount according to proof.

78.     Said actions were wrongful and justify the imposition of punitive damages since the termination was against public policy. Defendants intentionally discriminated against Plaintiff, and in doing so, Defendants acted maliciously, fraudulently, and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in on amount according to proof.

///

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code §§ 12940, et seq., is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to disability status as identified in California Government Code § 12940(a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policies set forth in Government Code §§ 12940, et seq., and the laws and regulations promulgated thereunder.

81.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject

to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

82. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

### EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs of this Complaint as though set forth fully herein.

84. A person is liable for intentional infliction of emotional distress if his or her conduct is outrageous; the person either intended to cause another emotional distress or acted with reckless disregard of the probability that the other person would suffer emotional distress; the other person suffered severe emotional distress; and the conduct was a substantial factor in causing the emotional distress.

85. The conduct of Defendants, as alleged above, was outrageous and outside the normal scope of the employment relationship.

86. Defendants knew that their conduct would result in Plaintiff's severe emotional distress, and said conduct was perpetrated by Defendants with the intent to inflict, or with reckless disregard of the probability of inflicting, humiliation, mental anguish, and severe emotional distress upon Plaintiff. Such conduct did, in fact, result in severe emotional distress caused to Plaintiffs.

87. The above said acts of Defendants were a proximate cause in Plaintiff's damage as stated below.

88. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment.

89. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, and benefits.

90. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

91. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiffs or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, such as to constitute malice, oppression, or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## NINTH CAUSE OF ACTION

## FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS IN VIOLATION OF CAL. LABOR CODE § 1198.5

92. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above, as though set fully forth herein.

93. California Labor Code section 432 requires employers to give an employee, upon request, a copy of any instrument that the employee or applicant has signed relating to the obtaining or holding of employment.

94. California Labor Code section 1198.5 requires employers to allow current and former employees' access to their personnel files and record that relate to the employee's performance or to any grievance concerning the employee.

95. An employer who receives a written or oral request to inspect or copy records pertaining to a current or former employee's wage information shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request pursuant to Labor Code §226.

96. Defendants demonstrated a consistent policy of discouraging and ultimately preventing Plaintiff from accessing his employment records and reviewing his personnel files. Plaintiff sent a letter demanding his wage records via USPS certified mail on January 28, 2021. On or around February 8, 2021 Plaintiff received partial employment records. On February 22, 2021, Plaintiff followed up with Defendants regarding his outstanding records. However, to date Defendants have failed to comply with this request which is past their deadline of March 1, 2021. Defendants thereby violated Labor Code §§ 226, 432 and 1198.5.

97. Failure to properly comply with a request for inspection of employment records is a criminal infraction which subjects the employer to monetary penalties of $750. Therefore, Plaintiff seeks an order to compel compliance and is entitled to costs and attorneys' fees.

98. WHEREFORE, Plaintiff requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For nominal damages;

2. For compensatory damages;

3. For punitive damages;

4. For equitable relief in the nature of declaratory relief, restitution of all monies due to Plaintiff, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

5. For interest accrued to date;

6. For reasonable attorneys' fees; and

7. For all such other and further relief that the Court may deem just and proper.

DATED: March 3, 2021  **LOYR, APC**

By: _____
Young W. Ryu, Esq.
Elizabeth M. Votra, Esq.
Alexander D. Wallin, Esq.
Sarah H. Cohen, Esq.

Attorneys for Plaintiff, IAN LENAHAN

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: March 3, 2021  **LOYR, APC**

By: _____
Young W. Ryu, Esq.
Elizabeth M. Votra, Esq.
Alexander D. Wallin, Esq.
Sarah H. Cohen, Esq.

Attorneys for Plaintiff, IAN LENAHAN