**LOYR, APC**
YOUNG W. RYU, ESQ. (SBN 266372)
young.ryu@loywr.com
HENNA H. CHOI, ESQ. (SBN 306254)
henna.choi@loywr.com
SARAH H. COHEN, ESQ. (SBN 330700)
sarah.cohen@loywr.com
3130 Wilshire Boulevard, Suite 209
Los Angeles, California 90010
Tel.:   (213) 318 – 5323 / Fax:   (800) 576 – 1170

Attorneys for Plaintiff IAN LENAHAN

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN LENAHAN, an individual, | Case No.: 2:21−cv−02710−FLA−RAO |
| Plaintiff, | **DECLARATION OF SARAH H. COHEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO FORBID MARCH 9, 2022 IN-PERSON DEPOSITION OF PLAINTIFF IAN LENAHAN OR, IN THE ALTERNATIVE, TO RESCHEDULE DEPOSITION TO A MUTUALLY AGREEABLE DATE TO PROCEED REMOTELY, PURSUANT TO FED. R. CIV. P. 26(c)(1), 30(b)(4) AND 32(a)(5)(A)** |
| vs. | |
| TARGET CORPORATION, a California Corporation; and DOES 1 through 25, inclusive, | |
| Defendant. | |
| | DISCOVERY MATTER |
| | Hearing Date:  March 30, 2022 |
| | Hearing Time:  10:00 a.m. |
| | Courtroom:  590 (Via videoconference) |
| | Action Filed:       February 26, 2021 |
| | Action Removed:   March 30, 2021 |

### <u>DECLARATION OF SARAH H. COHEN</u>

I, Sarah H. Cohen, declare and state as follows:

I am an attorney admitted to practice before all courts in the State of California and this Court.  I am an associate attorney at the law firm of LOYR, APC, counsel of record for Plaintiff Ian Lenahan (hereinafter "Plaintiff"). I submit this declaration in support of Plaintiff's Motion for Protective Order to Forbid March 7, 2022 In-Person Deposition of Plaintiff Ian Lenahan or, in the Alternative, to Reschedule Deposition to a Mutually Agreeable Date to Proceed Remotely, Pursuant to Fed. R. Civ. P. 26(c)(1), 30(b)(4) and 32(a)(5)(A). I have personal knowledge of the facts stated herein or know of such facts from my review of the files in this case, and, if called upon to do so, could competently testify as follows:

1.      On July 2, 2021, Defendant Target Corporation (hereinafter "Target") served Plaintiff with Defendant's Notice of Deposition of Plaintiff Ian Lenahan set for October 12, 2021 at 9:30 a.m. (hereinafter "Notice of Deposition"). A true and correct copy of the Notice of Deposition is attached hereto as **Exhibit A.**

2.      On July 16, 2021, Plaintiff notified Defendant that Plaintiff was unavailable on the cold-noticed date of October 12, 2021. A true and correct copy of the correspondence is attached hereto as **Exhibit B.**

3.      On July 22, 2021, Defendant informed Plaintiff that "we will work with you on an agreeable date for Plaintiff's deposition. That's not a problem." A true and correct copy of the correspondence is attached hereto as **Exhibit C.**

4.      On November 10, 2021, Plaintiff served Defendant with Plaintiff's Notice of Taking Deposition of Mariana Ruiz ("Notice of Deposition of Ms. Ruiz") for December 15, 2021.  Ms. Ruiz is a current employee of Defendant. A true and correct copy of the Notice of Deposition of Ms. Ruiz of is attached hereto as **Exhibit D.**

5.      On November 30, 2021, Defendant took issue with the Notice of Deposition of Ms. Ruiz and insisted that Defendant take Plaintiff's deposition before any other deposition can be taken, even though the claimed deposition priority is not supported

by law in the Ninth Circuit.  A true and correct copy of the correspondence is attached hereto as **Exhibit E.**

6.     On December 9, 2021, Plaintiff, in good faith, *agreed* to take the deposition of Ms. Ruiz off calendar *and on this same day* offered alternative dates for Plaintiff's deposition—January 7, 14, 21, and 28—all of which were Fridays because Plaintiff is available to take the day off on Fridays only.   A true and correct copy of the correspondence is attached hereto as **Exhibit F.**

7.     On December 10, 2021, counsel for Defendant stated they would "confirm dates for plaintiff's [sic] deposition next week." A true and correct copy of the correspondence is attached hereto as **Exhibit G.**

8.     Notwithstanding Defendant's email on December 10, 2021, Defendant *never* confirmed a workable date for Plaintiff's deposition past January 28, 2022.

9.     On March 2, 2022, at 4:10 p.m., Plaintiff served Defendant with the Notice of Deposition Subpoena to Francis Angulo for a noticed date of March 7, 2022 at 4:00 p.m. Ms. Angulo is a non-party witness who confirmed her availability for March 7, 2022, and whose identity has been disclosed through Plaintiff's initial disclosures and discovery responses thus far.  A true and correct copy of the Notice and correspondence are attached hereto as **Exhibit H.**

10.     Upon being served with the Notice of Deposition of Ms. Angulo, on March 2, 2022, at 5:51 p.m., Defendant again insisted on deposition priority, stating that Plaintiff's deposition occur before any other depositions in the case. There was no such agreement between the Parties. Defendant's position on deposition priority is entirely unsupported by law or any agreement by and between the parties. A true and correct copy of the correspondence is attached hereto as **Exhibit I.**

11.     Approximately *three (3) months after* Plaintiff provided Defendant with alternative dates in January 2022 for his deposition, on Wednesday, March 2, 2022 at 8:20 p.m., Defendant served Plaintiff with Amended Notice of Deposition of Plaintiff Ian Lenahan (hereinafter "Amended Notice"). A true and correct copy of the Amended

DECLARATION OF SARAH H. COHEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Notice and Defendant's cover e-mail showing the exact time of service is attached hereto as **Exhibit J.**

12.    The Amended Notice states that Plaintiff's deposition will take place, in person, on Monday March 7, 2022 at 9:00 a.m.  The date of service of the Amended Notice (i.e., March 2, 2022) was a <u>mere two (2) business days</u> before the noticed deposition date of March 7, 2022.

13.    Defendant unreasonably served the Amended Notice <u>*despite*</u> Plaintiff's offer *three (3) months earlier* of alternative dates for his deposition, by which Plaintiff indicated that he was only available on Fridays.

14.    On March 2, 2022 at 9:47 p.m., just over one (1) hour after Plaintiff was served with the Amended Notice, Plaintiff initiated a conference of counsel with Defendant's counsel under Local Rule 37-1, and informed Defendant that Plaintiff was unavailable on the noticed date and at the noticed time for his deposition. In that same correspondence, Plaintiff informed Defendant of his intention to move for a protective order to prevent Defendant from taking the deposition of Plaintiff given Plaintiff's unavailability and the unreasonable notice period. A true and correct copy of the correspondence is attached hereto as **Exhibit K.**

15.    On March 3, 2022, Plaintiff again attempted to meet and confer with Defendant, offering alternative dates for Plaintiff's deposition—March 15, 17, and 18. Plaintiff provided these three dates despite the fact that doing so would create a hardship on him financially because he would have to miss work, all because he was mindful of the March 18, 2022, discovery cutoff date, and in an attempt to allow Defendant to *still* take Plaintiff's deposition regardless of the delays Defendant created upon itself. Plaintiff also expressed his willingness to attend an Informal Discovery Conference ("IDC") on the issue. A true and correct copy of the correspondence is attached hereto as **Exhibit L.**

16.    On March 3, 2022, Defendant ignored Plaintiff's alternative dates, stating that counsel for Defendant would allegedly be out of the country, but did not offer any alternative dates that would work for Defendant.  A true and correct copy of the

DECLARATION OF SARAH H. COHEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

correspondence is attached hereto as **Exhibit M.**

17.     On March 4, 2022, Defendant unilaterally decided that it would reschedule Plaintiff's deposition to March 7, 2022 (the same day as Ms. Francis' deposition), however, starting at 12:00 p.m. *in person*.  This was despite the fact that Defendant had already been on notice of Ms. Angulo's deposition set for that same day at 4:00 p.m. A true and correct copy of the correspondence is attached hereto as **Exhibit N.**

18.     On March 5, 2022, Plaintiff, again, extensively met and conferred with Defendant informing Defendant that Plaintiff's counsel was unavailable for deposition at 12:00 p.m. on March 7, 2022; that in-person deposition was unsafe ***due to Plaintiff's youngest child being under vaccination age***; and that there was a conflict with Ms. Angulo's deposition especially if counsel for Defendant contemplated deposing Plaintiff for the full seven (7) hours afforded by the Federal Rules of Civil Procedure ("FRCP"). Plaintiff urged Defendant to re-consider the alternative dates or suggest other dates, as well as to consider remote deposition as opposed to in-person deposition; and again informed Defendant of the intention to move for a protective order should the deposition remain on calendar. A true and correct copy of the correspondence is attached hereto as **Exhibit O.**

19.     On March 5, 2022, Defendant refused to take Plaintiff's deposition off calendar; failed to agree to an alternative mutually agreeable date; and refused to conduct the deposition by videoconference. A true and correct copy of the correspondence is attached hereto as **Exhibit P.**

20.     On March 6, 2022, Plaintiff continued to attempt to obtain Defendant's confirmation that his deposition would be taken off calendar and that Defendant would meet and confer with Plaintiff to agree to a mutually agreeable date.  A true and correct copy of the correspondence is attached hereto as **Exhibit Q.**

21.     As of the time of filing this declaration and the accompanying motion for protective order, Defendant still insists that Plaintiff's deposition proceed in person, despite the health concerns raised by Plaintiff.  Plaintiff has a child under the age of five

(5) who cannot be vaccinated for COVID-19 at this time.  Accordingly, Plaintiff seeks a protective order to be able to attend his deposition remotely to ensure health and safety of his unvaccinated child.

22.    In December 2021, my office had a COVID-19 outbreak from a small gathering with people outside of our firm.  Because of this, members of our firm are being cautious not to contract and spread the virus, even though the Omicron surge is fading. The end of Omicron surge is not the end of the pandemic, and there are still the risks that another variant emerges at some point.  Accordingly, Plaintiff's counsel respectfully requests that the Court order Plaintiff's deposition proceed remotely.

23.    Nevertheless, counsel for Defendant, Ms. Samantha Grant continues to suggest nonsensical arrangements for Plaintiff's in person deposition. On March 5, 2022, Ms. Grant touted her vaccination/boosted status and suggested the court reporter appear remotely. Ms. Grant also made an unsupported claim that the federal courts have "long lifted restrictions on personal appearances" A true and correct copy of the correspondence is included in **Exhibit R.**

24.    On March 6, 2022, Ms. Henna H. Choi of our firm engaged in a further conference of counsel under Local Rule 37-1 regarding Plaintiff and his counsel's request for remote video deposition.  Ultimately, the outcome of that email correspondence is that counsel for Defendant, Ms. Grant, would like Plaintiff to attend the deposition in person, by himself, while his counsel appears remotely by zoom.  This is the equivalent of having Plaintiff testify in Ms. Grant's office <u>effectively unrepresented</u>, and is nonsensical.  A true and correct copy of the correspondence is included in **Exhibit Q.**

25.    On March 7, 2022, at 3:00 a.m., Plaintiff filed a Motion for a Protective Order to Forbid March 7, 2022, Deposition of Plaintiff Ian Lenahan or, in the Alternative, to Reschedule Deposition to A Mutually Agreeable Date, Pursuant to Fed. R. Civ. P. 26(c)(1) and 32(a)(5)(A) ("Motion for Protective Order").

26.    Plaintiff intended to move ex parte to shorten the notice period for the Motion for Protective Order shortly after the filing because Plaintiff was unable provide

statutory notice due to Defendant's deposition notice being served a mere 16 calendar days before the fact discovery cutoff date of March 18, 2022.  Defendant then refused to meet and confer in good faith to reschedule or to agree to remote deposition.

27.    Plaintiff received a Second Amended Notice of Plaintiff's Deposition ("Second Amended Notice"), which Defendant served at **10:10 p.m. on Sunday, March 6, 2022**. Counsel for Plaintiff became aware of the Second Amended Notice, after the filing of the Motion for Protective Order and had already prepared the initial drafts of the moving papers.

28.    Defendant had served his Second amended Notice despite the fact that Plaintiff tried numerous times to reschedule the deposition to one of the three alternative dates offered by Plaintiff - March 15, 17, and 18. The Second Amended Notice set Plaintiff's deposition for Wednesday March 9, 2022 at 9:00 a.m. **in person.** Plaintiff suspects that Defendant selected this date because in previous correspondence, counsel for Plaintiff – in a good faith meet and confer effort - expressed that they would explore the possibility of the March 9, 2022 deposition date *if Defendant agreed to conduct it remotely.*

29.    At this point in time, it was not certain that this date would work with counsel for Plaintiff's schedule and, most importantly, Plaintiff's work schedule. Plaintiff only has Fridays off which counsel for Defendant has been fully aware of; he has suffered financially after his wrongful termination by Plaintiff; and has a family to support which includes two very young children aged three (3) and (5) years old. Nevertheless, counsel for Defendant Ms. Grant prioritizes her unscrupulous litigation "strategies" above the interests of human beings, including young children. Plaintiff has no choice but to seek protection from this Court.

30.    On March 7, 2022, Plaintiff's counsel conducted the deposition of Ms. Angulo.  My colleague, Ms. Henna Choi conducted the deposition, and our client—Plaintiff—and I observed the deposition.  Once everyone, including Ms. Angulo, was present, Ms. Grant refused to stipulate to go on the record for approximately 14 minutes.

1   Ms. Grant insisted that Plaintiff's counsel confirm that they would be complying with

2   Ms. Grant's unilateral and unreasonable deadline to provide her with Plaintiff's portion

3   of an IDC statement that same day. This unilateral and unreasonable request was made

4   by Ms. Grant despite being on notice for days that Plaintiff's counsel was unavailable on

5   March 7, 2022, due to other matters on calendar, and had a deposition set to being at 4:00

6   p.m. that same day. Due to Ms. Grant's many improper interjections and improper

7   speaking objections throughout, Plaintiff had to suspend the deposition to seek a court

8   order. Furthermore, Ms. Grant refused to allow Plaintiff's counsel and the court reporter

9   to go off the record to take breaks, and insisted that the witness—Ms. Angulo—stay even

10  after Ms. Angulo stated on the record that she had heard that a family member passed

11  away.  Ms. Grant threatened Ms. Angulo that she would have to come back another day,

12  if she left the deposition. Plaintiff's counsel had no choice but to suspend the deposition

13  given Ms. Grant's conduct unbecoming of officers of the Court.  A true and correct copy

14  of the excerpts from the rough transcript of Ms. Angulo's deposition is attached hereto as

15  **Exhibit S.**

16          I declare under penalty of perjury under the laws of the United States of

17  America that the foregoing is true and correct.

18

19

20          Executed on March 8, 2022, at Los Angeles, California.

21

22

23

24          _____

25          Sarah H. Cohen, Esq.

26

27

28

DECLARATION OF SARAH H. COHEN IN SUPPORTOF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

# EXHIBIT A

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    SAMANTHA C. GRANT, Cal. Bar No. 198130
3   BRIANNA S. WILSON, Cal. Bar No. 316730
    1901 Avenue of the Stars, Suite 1600
4   Los Angeles, California 90067-6055
    Telephone:  310.228.3700
5   Facsimile:   310.228.3701
    E mail:  sgrant@sheppardmullin.com
6             bswilson@sheppardmullin.com

7   Attorneys for Defendant
    TARGET CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  IAN LENAHAN, an individual,        Case No. 2:21-cv-02710

13              Plaintiff,
                                       **DEFENDANT TARGET**
14         v.                          **CORPORATION'S NOTICE OF**
                                       **DEPOSITION OF PLAINTIFF IAN**
15  TARGET CORPORATION, a              **LENAHAN**
    California corporation; and DOES 1
16  through 25, inclusive,             Date:   October 12, 2021
                                       Time:   9:30 a.m.
17              Defendants.            Place:  Sheppard, Mullin, Richter &
                                               Hampton, LLP
18                                             1901 Avenue of the Stars
                                               Suite 1600
19                                             Los Angeles, CA 90067

20                                     [Complaint Filed: February 26, 2021]

21

22

23

24

25

26

27

28

                                     -1-
SMRH:4849-3441-9695.1                          DEFENDANT TARGET CORPORATION'S
                                               NOTICE OF DEPOSITION OF PLAINTIFF

1  **TO PLAINTIFF IAN LENAHAN AND HIS ATTORNEYS OF**

2  **RECORD HEREIN: NOTICE IS HEREBY GIVEN** that, pursuant to the Federal

3  Rules of Civil Procedure ("FRCP") Rule 30, the deposition upon oral examination

4  of Plaintiff Ian Lenahan ("Plaintiff") will be taken by Defendant Target Corporation

5  ("Target") in the above-entitled action commencing on October 12, 2021 at

6  9:30 a.m. at Sheppard, Mullin, Richter & Hampton, LLP, 1901 Avenue of the Stars,

7  Suite 1600, Los Angeles, CA 90067.  Said deposition, if not completed on said date,

8  will continue on dates agreed by counsel, until completed.  If Plaintiff and Target

9  cannot agree on a date to continue the deposition, said deposition will continue on a

10  date unilaterally set by Target.

11      If COVID-19 related orders prevent Plaintiff's deposition from taking place

12  in-person, then the deposition will take place on the same date and time listed in this

13  Notice, using an electronic video communication platform, such as Zoom Video

14  Communications, or a similar platform.

15      **PLEASE TAKE FURTHER NOTICE** that, in addition to recording the

16  testimony by the stenographic method, Target reserves the right to record the

17  testimony by videotape and audiotape pursuant to FRCP Rule 30(b)(3).

18      **PLEASE TAKE FURTHER NOTICE** that the deposition will be taken

19  before an officer authorized to administer oaths by the laws of the United States or

20  the place where the examination is held, or before a person appointed by the court in

21  which the action is pending, or by some other office authorized by law to take

22  depositions.  If Plaintiff requires an interpreter at the deposition, Plaintiff must

23  notify this office of the need for an interpreter at least ten days prior to the

24  deposition.

25

26

27

28

SMRH:4849-3441-9695.1

1  Dated:  July 2, 2021

2
3                          SHEPPARD, MULLIN, RICHTER & HAMPTON
                           LLP
4

5                          By _____/s/ Brianna S. Wilson_____
6                                   SAMANTHA C. GRANT
7                                   BRIANNA S. WILSON
                                    Attorneys for Defendant
8                                   TARGET CORPORATION

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-3-

SMRH:4849-3441-9695.1

DEFENDANT TARGET CORPORATION'S
NOTICE OF DEPOSITION OF PLAINTIFF

# EXHIBIT B

 Gmail

**Sarah Cohen <sarah.cohen@loywr.com>**

---

## Ian Lenahan v. Target Corp. - Pltf Depo

**Sarah Cohen** <sarah.cohen@loywr.com>                                      Fri, Jul 16, 2021 at 1:02 PM
To: Samantha Grant <sgrant@sheppardmullin.com>, Brianna Wilson <bswilson@sheppardmullin.com>
Cc: Alexander Wallin <alexander.wallin@loywr.com>, Young Ryu <young.ryu@loywr.com>, Melkon Torosyan <melkon.torosyan@loywr.com>

Counsel,

We received the depo notice for our client, which was cold-noticed despite the fact that we have been in close communication. I do not recall us discussing a deposition date for my client.

Unfortunately, we are not available on October 12, 2021.

However, we are somewhat flexible from October 18, 2021, through the rest of the month. Please send some alternative dates and I'll run them by my client.

Thanks.

--

 LOYR, APC

Sarah Cohen, Esq.
3130 Wilshire Blvd. Suite 209
Los Angeles, CA 90010
Phone: (888) 365 - 8686
Fax: (800) 576 - 1170

# EXHIBIT C

 Gmail

Sarah Cohen <sarah.cohen@loywr.com>

---

## Ian Lenahan v. Target Corp. - Pltf Depo

---

**Samantha Grant** <SGrant@sheppardmullin.com>                    Thu, Jul 22, 2021 at 12:34 PM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: Brianna Wilson <BsWilson@sheppardmullin.com>, Alexander Wallin <alexander.wallin@loywr.com>, Young Ryu <young.ryu@loywr.com>, Melkon Torosyan <melkon.torosyan@loywr.com>

Counsel,


Our service of the discovery requests was compliant with the FRCP and local rules.  We have no plans to retract the requests now or after the initial disclosures are served.  If you need more time to respond to the requests, that is not a problem.  We propose that we extend the deadline for Plaintiff and Target's respective initial disclosures by a week and that we have a reciprocal three-week extension for Plaintiff's responses to the pending discovery requests and Target's responses to Plaintiff's discovery requests when served. Please let us know if you agree.


We will work with you on an agreeable date for Plaintiff's deposition.  That's not a problem.


Thanks,


Samantha

[Quoted text hidden]

**Attention:** This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT D

**LOYR, APC**
YOUNG W. RYU, ESQ. (SBN 266372)
young.ryu@loywr.com
ALEXANDER D. WALLIN, ESQ. (SBN 320420)
alexander.wallin@loywr.com
SARAH H. COHEN, ESQ. (SBN 330700)
sarah.cohen@loywr.com
3130 Wilshire Boulevard, Suite 209
Los Angeles, California 90010
Telephone: (213) 318 – 5323
Facsimile: (800) 576 – 1170

Attorneys for Plaintiff IAN LENAHAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN LENAHAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a California Corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No. 2:21−cv−02710−FLA−RAO<br><br>**PLAINTIFF IAN LENAHAN'S NOTICE OF TAKING DEPOSITION OF MARIANA RUIZ**<br><br>Date: December 15, 2021<br>Time: 10:00 a.m.<br>Location: Videoconference |

1
**NOTICE OF TAKING DEPOSITION**

**PLEASE TAKE NOTICE THAT** Plaintiff IAN LENAHAN will take the deposition of MARIANA RUIZ on December 15, 2021 at 10:00 a.m., via videoconference pursuant to F.R.C.P. 30(b)(1).

The deposition will be taken under oath before a certified court reporter or other officer authorized to administer to oaths and will be recorded by stenographic method pursuant to F.R.C.P. 30(b)(3)(A). If the deposition is not completed on the date set, it shall continue to a date agreed upon by counsel or otherwise as noticed by Plaintiff.

If the services of an interpreter are needed, you must advise this office in writing of the need for the interpreter and the exact dialect and language of the deponent by no later than five (5) days prior to the date set for the deposition.

DATED: November 10, 2021                    LOYR, APC

By: _____
Young W. Ryu, Esq.
Alexander D. Wallin, Esq.
Sarah H. Cohen, Esq.

Attorneys for Plaintiff IAN LENAHAN

2

**NOTICE OF TAKING DEPOSITION**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 3130 Wilshire Blvd., Suite 209, Los Angeles CA 90010.

On November 10, 2021 I caused the foregoing document(s) described as

**PLAINTIFF IAN LENAHAN'S NOTICE OF TAKING DEPOSITION OF MARIANA RUIZ**

to be served on the parties in this action as follows:

> Samantha C. Grant
> sgrant@sheppardmullin.com
>                                          *Attorneys for Defendants*
> Brianna S. Wilson
> bwilson@sheppardmullin.com

(X)   (BY ELECTRONIC MAIL) Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 10, 2021, at Los Angeles, California.

_____
Sarah H. Cohen, Esq.

# EXHIBIT E



Sarah Cohen <sarah.cohen@loywr.com>

---

## Ian Lenahan v. Target Corporation - Deposition Notice - Mariana Ruiz

**Brianna Wilson** <BsWilson@sheppardmullin.com>                    Tue, Nov 30, 2021 at 11:50 AM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: Alexander Wallin <alexander.wallin@loywr.com>, Young Ryu <young.ryu@loywr.com>, Eduardo Contreras <eduardo.contreras@loywr.com>, Samantha Grant <SGrant@sheppardmullin.com>

Sarah,

We must schedule Plaintiff's deposition first. We previously noticed this deposition for October 12, 2021, but cancelled to accommodate your schedule. Please provide alternative dates.

Thank you,

Brianna

**Brianna S. Wilson**
+1 424-288-5353 | direct
BsWilson@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

[Quoted text hidden]

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT F



**Sarah Cohen <sarah.cohen@loywr.com>**

---

# Ian Lenahan v. Target Corporation - Deposition Notice - Mariana Ruiz

**Sarah Cohen** <sarah.cohen@loywr.com>                                                Thu, Dec 9, 2021 at 9:32 AM
To: Brianna Wilson <BsWilson@sheppardmullin.com>
Cc: Alexander Wallin <alexander.wallin@loywr.com>, Young Ryu <young.ryu@loywr.com>, Eduardo Contreras <eduardo.contreras@loywr.com>, Samantha Grant <SGrant@sheppardmullin.com>

Counsel,

My client can make himself available on Fridays in January 2022 which are 1/7, 1/14, 1/21, or 1/28 if the deposition is conducted remotely starting no earlier than 10:00 a.m.

Please let me soon know if any of those terms and dates work for Defendant so I can make the final confirmation with my client and we can lock it in.

Please also provide me with available dates in January for Mariana Ruiz's deposition.

Thank you.

[Quoted text hidden]



[Quoted text hidden]
Phone: (213) 318 - 5323
[Quoted text hidden]

# EXHIBIT G



---

# Ian Lenahan v. Target Corporation - Deposition Notice - Mariana Ruiz

---

**Brianna Wilson** <BsWilson@sheppardmullin.com>                    Fri, Dec 10, 2021 at 5:31 PM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: Alexander Wallin <alexander.wallin@loywr.com>, Young Ryu <young.ryu@loywr.com>, Eduardo Contreras <eduardo.contreras@loywr.com>, Samantha Grant <SGrant@sheppardmullin.com>

Sarah,

Thank you for confirming this. We will provide dates for Mariana Ruiz and confirm the date for plaintiff's deposition next week.

Also, attached please find Target's supplemental responses to plaintiff's special interrogatories. We are waiting on the verification, and will provide soon.

[Quoted text hidden]

---

 **Target's Supplemental Responses to Plaintiff's Special Interrogatories, Set One 4886-3648-1798 v.1.pdf**
199K

# EXHIBIT H

 Gmail

# Ian Lenahan v. Target Corp. - Amended Notice of Depo Sub to Francis Angulo

**Sarah Cohen** <sarah.cohen@loywr.com>                                                    Wed, Mar 2, 2022 at 4:10 PM
To: Samantha Grant <sgrant@sheppardmullin.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>
Cc: Henna Choi <henna.choi@loywr.com>, Young Ryu <young.ryu@loywr.com>, Dave Babcock <david.babcock@loywr.com>, Harley Phleger
<harley.phleger@loywr.com>

Counsel,

Please see attached.

Thank you.

--

 LOYR, APC

Sarah Cohen, Esq.
3130 Wilshire Blvd. Suite 209
Los Angeles, CA 90010
Phone: (213) 318 - 5323
Fax: (800) 576 - 1170

THIS COMMUNICATION IS **ONLY** FOR THE INDIVIDUAL(S) OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR EXEMPT
FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NEITHER AN ADDRESSEE NOR SOMEONE RESPONSIBLE FOR DELIVERY TO AN ADDRESSEE, BE AWARE THAT
DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
TELEPHONE THE SENDER IMMEDIATELY SO ARRANGEMENTS CAN BE MADE FOR ITS RETRIEVAL.  THANK YOU.

 **3-2-22 AMENDED Pltf Notice of Depo Sub Re- Francis Angulo - Ian Lenahan .pdf**
355K

**LOYR, APC**
YOUNG W. RYU, ESQ. (SBN 266372)
young.ryu@loywr.com
HENNA CHOI, ESQ. (SBN 306254)
henna.choi@loywr.com
SARAH H. COHEN, ESQ. (SBN 330700)
sarah.cohen@loywr.com
3130 Wilshire Boulevard, Suite 209
Los Angeles, California 90010
Telephone: (213) 318 – 5323
Facsimile: (800) 576 – 1170

Attorneys for Plaintiff IAN LENAHAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN LENAHAN, an individual, | Case No. 2:21−cv−02710−FLA−RAO |
| Plaintiff, | |
| vs. | **PLAINTIFF IAN LENAHAN'S AMENDED NOTICE OF DEPOSITION SUBPOENA TO FRANCIS ANGULO** |
| TARGET CORPORATION, a California Corporation; and DOES 1 through 25, inclusive, | Date: March 7, 2022 |
| Defendant. | Time: 4:00 p.m. |
| | Location: Videoconference |

1

**PLAINTIFF IAN LENAHAN'S AMENDED NOTICE OF DEPOSITION SUBPOENA TO FRANCIS ANGULO**

1    **PLEASE TAKE NOTICE THAT** Plaintiff IAN LENAHAN will take the

2    deposition of non-party FRANCIS ANGULO on March 7, 2022 at 4:00 p.m., via

3    videoconference pursuant to F.R.C.P. 30(b)(1).

4        The deposition will be taken under oath before a certified court reporter or

5    other officer authorized to administer to oaths and will be recorded by stenographic

6    method pursuant to F.R.C.P. 30(b)(3)(A).  If the deposition is not completed on the

7    date set, it shall continue to a date agreed upon by counsel or otherwise as noticed

8    by Plaintiff.

9        A true and correct copy of the Deposition Subpoena is attached hereto.

10

11   DATED: March 2, 2022                          **LOYR, APC**

12

13

14                                          By: _____

15                                              Young W. Ryu, Esq.
                                                Henna H. Choi, Esq.
                                                Sarah H. Cohen, Esq.

16                                              Attorneys for Plaintiff IAN
                                                LENAHAN
17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF IAN LENAHAN'S AMENDED NOTICE OF DEPOSITION
SUBPOENA TO FRANCIS ANGULO**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:21-cv-02710-FLA-RAO

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*          Francis Angulo

on *(date)*    02/04/2022    .

☑ I served the subpoena by delivering a copy to the named individual as follows:     Francis Angulo

                                                                                    (25yrs.old Hispanic female,5'5,170lbs.,Black hair)

  18012 Hiawatha St., Apt.#167, Northridge, CA 91326     on *(date)*    02/08/2022    ; or

☐ I returned the subpoena unexecuted because:              time:    6:30pm

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$         40.00        .

My fees are $         0.00        for travel and $        0.00        for services, for a total of $         0.00        .

I declare under penalty of perjury that this information is true.

Date:       02/08/2022

                                                    _Server's signature_

                                                    Julio Ascorra / Process Server #6310 L.A. County
                                                    *Printed name and title*
                                                    Titan Legal Services, Inc.
                                                    2050 W. 190th Street, Suite 200
                                                    Torrance , CA 90504
                                                    (310) 464-8655
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| IAN LENAHAN | ) |
| *Plaintiff* | ) |
| v. | ) |
| TARGET CORPORATION, a California Corporation; and DOES 1 through 25, inclusive | ) |
| *Defendant* | ) |

Civil Action No.   2:21-cv-02710-FLA-RAO

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Francis Angulo

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Videoconference (log on details to follow) | Date and Time:<br><br>03/07/2022 4:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographically, Instant Visual Display of Testimony

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/04/2022

|   *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Ian Lenahan
_____ , who issues or requests this subpoena, are:

Sarah H. Cohen, Esq. (SBN 330700) LOYR, APC 3130 Wilshire Blvd. Ste. 209 Los Angeles, CA 90010 (213) 318-5323

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1
2

## PROOF OF SERVICE

3
4
5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 3130 Wilshire Blvd., Suite 209, Los Angeles CA 90010.

6
7

On February 10, 2022 I caused the foregoing document(s) described as

8
9

**PLAINTIFF IAN LENAHAN'S AMENDED NOTICE OF DEPOSITION SUBPOENA TO FRANCIS ANGULO**

10

to be served on the parties in this action as follows:

11
12
13
14

Samantha C. Grant
sgrant@sheppardmullin.com                  *Attorneys for Defendants*

Whitney Nonnette Perry
WNonnettePerry@sheppardmullin.com

15
16
17

(X)   (BY ELECTRONIC MAIL) Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

18
19

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20
21

Executed on March 2, 2022, at Los Angeles, California.

22
23
24
25
26

_____

Sarah H. Cohen, Esq.

27
28

3

**PLAINTIFF IAN LENAHAN'S AMENDED NOTICE OF DEPOSITION SUBPOENA TO FRANCIS ANGULO**

# EXHIBIT I

 Gmail

Sarah Cohen <sarah.cohen@loywr.com>

## Ian Lenahan v. Target Corp. - Amended Notice of Depo Sub to Francis Angulo
2 messages

**Sarah Cohen** <sarah.cohen@loywr.com>                                                    Wed, Mar 2, 2022 at 4:10 PM
To: Samantha Grant <sgrant@sheppardmullin.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>
Cc: Henna Choi <henna.choi@loywr.com>, Young Ryu <young.ryu@loywr.com>, Dave Babcock <david.babcock@loywr.com>, Harley Phleger <harley.phleger@loywr.com>

Counsel,

Please see attached.

Thank you.
--

 LOYR, APC

Sarah Cohen, Esq.
3130 Wilshire Blvd. Suite 209
Los Angeles, CA 90010
Phone: (213) 318 - 5323
Fax: (800) 576 - 1170

THIS COMMUNICATION IS **ONLY** FOR THE INDIVIDUAL(S) OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NEITHER AN ADDRESSEE NOR SOMEONE RESPONSIBLE FOR DELIVERY TO AN ADDRESSEE, BE AWARE THAT DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE TELEPHONE THE SENDER IMMEDIATELY SO ARRANGEMENTS CAN BE MADE FOR ITS RETRIEVAL. THANK YOU.

 **3-2-22 AMENDED Pltf Notice of Depo Sub Re- Francis Angulo - Ian Lenahan .pdf**
355K

**Samantha Grant** <SGrant@sheppardmullin.com>                                              Wed, Mar 2, 2022 at 5:51 PM
To: Sarah Cohen <sarah.cohen@loywr.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>
Cc: Henna Choi <henna.choi@loywr.com>, Young Ryu <young.ryu@loywr.com>, Dave Babcock <david.babcock@loywr.com>, Harley Phleger <harley.phleger@loywr.com>

Sarah, as a reminder, we agreed that Plaintiff's deposition would be taken first. You were supposed to get me additional dates, but then we stayed discovery pending mediation. It is completely improper for you to notice these depositions when you have not provided dates for Plaintiff's deposition or otherwise produced your client for deposition. Further, you have failed to give reasonable notice as required by the federal rules for the deposition dates, which is especially egregious given you also did not extend us the professional courtesy of obtaining our availability for the depositions.

I called you to meet and confer, but your telephone number had a busy signal every time.


Young, I spoke to you about these issues and you simply keep speaking over me and swearing at me.  Indeed, even when you would ask me a question, you would speak over me when I tried to answer the question.  Further, when I asked you if you were going to keep speaking over me, you said that yes you would just keep speaking over me.  You ultimately said that you did not care about anything that I was saying (including the above violations of our agreements and the federal rules).


We will take these matters up with the court unless you immediately meet and confer and select deposition dates for your witnesses and Plaintiff that work for the deponents, parties, and counsel.


I look forward to hearing from you.


Samantha


**Samantha C. Grant** | Partner
+1 310-228-3739 | direct
SGrant@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

[Quoted text hidden]

Attention:  This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT J



Sarah Cohen <sarah.cohen@loywr.com>

---

## Ian Lenahan v. Target Corp -Amended Notice of Deposition of Plaintiff

---

**Melody Shabpareh** <MShabpareh@sheppardmullin.com>                                          Wed, Mar 2, 2022 at 8:20 PM
To: "sarah.cohen@loywr.com" <sarah.cohen@loywr.com>, "young.ryu@loywr.com" <young.ryu@loywr.com>, "henna.choi@loywr.com" <henna.choi@loywr.com>,
"david.babcock@loywr.com" <david.babcock@loywr.com>, "harley.phleger@loywr.com" <harley.phleger@loywr.com>
Cc: Samantha Grant <SGrant@sheppardmullin.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>, Jennifer Rodriguez
<JRodriguez@sheppardmullin.com>

Dear Counsel,

Attached please find your service copy of the following document:

DEFENDANT TARGET CORPORATION'S AMENDED NOTICE OF DEPOSITION OF PLAINTIFF IAN LENAHAN

**Melody Shabpareh** | Practice Specialist
+1 424-288-5317 | direct
MShabpareh@sheppardmullin.com

## **Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com

---

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

 **Lenahan- Amended Depo. Notice for Plaintiff.pdf**
201K

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
SAMANTHA C. GRANT, Cal. Bar No. 198130
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
E mail:  sgrant@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
WHITNEY NONNETTE PERRY, Cal. Bar No. 295222
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398
Email:
WNonnettePerry@sheppardmullin.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IAN LENAHAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:21-cv-02710<br><br>**DEFENDANT TARGET CORPORATION'S AMENDED NOTICE OF DEPOSITION OF PLAINTIFF IAN LENAHAN**<br><br>Date:  March 7, 2022<br>Time:  9:00 a.m.<br>Place:  Sheppard, Mullin, Richter & Hampton, LLP<br>1901 Avenue of the Stars<br>Suite 1600<br>Los Angeles, CA 90067<br><br>[Complaint Filed: February 26, 2021] |

-1-

**TO PLAINTIFF  IAN LENAHAN AND HIS ATTORNEYS OF RECORD HEREIN:**

    **NOTICE IS HEREBY GIVEN** that, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 30, the deposition upon oral examination of Plaintiff  Ian Lenahan ("Plaintiff") will be taken by Defendant Target Corporation ("Target") in the above-entitled action commencing on March 7, 2022 at 9:00 a.m. at Sheppard, Mullin, Richter & Hampton, LLP, 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067.  Said deposition, if not completed on said date, will continue on dates agreed by counsel, until completed.  If Plaintiff and Target cannot agree on a date to continue the deposition, said deposition will continue on a date unilaterally set by Target.

    **PLEASE TAKE FURTHER NOTICE** that, in addition to recording the testimony by the stenographic method, Target reserves the right to record the testimony by videotape and audiotape pursuant to FRCP Rule 30(b)(3).

    **PLEASE TAKE FURTHER NOTICE** that the deposition will be taken before an officer authorized to administer oaths by the laws of the United States or the place where the examination is held, or before a person appointed by the court in which the action is pending, or by some other office authorized by law to take depositions.  If Plaintiff requires an interpreter at the deposition, Plaintiff must notify this office of the need for an interpreter at least ten days prior to the deposition.

Dated:  March 2, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        _____/s/ Samantha C. Grant_____
          SAMANTHA C. GRANT
          WHITNEY NONNETTE PERRY
          Attorneys for Defendant
          TARGET CORPORATION

SMRH:4862-6633-7298.1

DEFENDANT TARGET CORPORATION'S
AMENDED NOTICE OF DEPOSITION OF PLAINTIFF

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On March 2, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S AMENDED NOTICE OF DEPOSITION OF PLAINTIFF IAN LENAHAN** on the interested parties in this action as follows:

LOYR, APC                               Attorneys for Plaintiff
YOUNG W. RYU, ESQ.                      IAN LENAHAN
young.ryu@loywr.com
HENNA CHOI
Henna.choi@loywr.com
SARAH H. COHEN, ESQ.
sarah.cohen@loywr.com
DAVE BABCOCK
david.babcock@loywr.com
HARLEY PHLEGER
Harley.phleger@loywr.com
3130 Wilshire Boulevard, Suite 209
Los Angeles, California 90010
Telephone: (888) 365-8686
Facsimile: (800)576-1170

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address mshabpareh@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 2, 2022, at Los Angeles, California.


                                        */s/ Melody Shabpareh*
                                        Melody Shabpareh

-4-

# EXHIBIT K



Sarah Cohen <sarah.cohen@loywr.com>

---

## Ian Lenahan v. Target Corp -Amended Notice of Deposition of Plaintiff

**Sarah Cohen** <sarah.cohen@loywr.com>                                   Wed, Mar 2, 2022 at 9:47 PM
To: Samantha Grant <SGrant@sheppardmullin.com>
Cc: "young.ryu@loywr.com" <young.ryu@loywr.com>, "henna.choi@loywr.com" <henna.choi@loywr.com>, "david.babcock@loywr.com" <david.babcock@loywr.com>,
"harley.phleger@loywr.com" <harley.phleger@loywr.com>, Melody Shabpareh <MShabpareh@sheppardmullin.com>, Whitney Nonnette Perry
<WNonnettePerry@sheppardmullin.com>, Jennifer Rodriguez <JRodriguez@sheppardmullin.com>

Counsel,

Please allow this correspondence to begin the required meet-and-confer process under the Central District of California **Local Rule 37-1** regarding Plaintiff Ian
Lenahan's contemplated motion for protective order to prevent Defendant Target Corporation ("Defendant") from insisting on deposition priority.   Defendant served
the notice of deposition of Plaintiff at 8:20 p.m. tonight, for March 7, 2022, at 9:00 a.m.  We have a third-party deposition already noticed for that day at 4 p.m., and
that has already been coordinated with the witness.  **We intend to move for a protective order on an ex parte basis** because Defendant insists on taking Plaintiff
Ian Lenahan's deposition before any third party deposition, even though there is no authority supporting your position.  Mr. Lenahan is not available on March 7,
2022, at 9 a.m. for the deposition you noticed at the 11th hour. The third-party deposition Plaintiff noticed for March 7, 2022, at 4 p.m. is quite different than Plaintiff's
deposition because that has been scheduled per the witness' availability.  It is much harder to coordinate a third-party deposition than a party deposition, and we
are sure the Court will understand this. The Court will frown upon Defendant's and its counsel's conduct in demanding that Plaintiff's deposition be taken before
Plaintiff can take any deposition.  Please be mindful of the fact that the Court will prioritize a third-party's availability before any counsel's.  If you obstruct Plaintiff's
efforts to take the necessary third-party depositions, we will be seeking monetary sanctions for your unscrupulous litigation conduct.

Moreover, there is no legal precedent giving a party the right to demand discovery in a certain order (or withhold discovery from one party on account of a discovery
dispute with another party).  The Federal Rules of Civil Procedure do not permit a party to make unilateral decisions regarding the sequence and timing of
depositions during discovery. Rule 26(d)(3) specifically states that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses'
convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) *discovery by one party does not require any other party
to delay its discovery.*" Fed. R. Civ. P. 26(d)(3) (emphasis added). "Thus it is clear that Rule 26(d) abolishes the deposition priority rule of the past." *Brady v.
Grendene USA, Inc.*, No. 12-CV-604-GPC (KSC), 2014 U.S. Dist. LEXIS 136558, 2014 WL 4925578, at *4 (S.D. Cal. Sept. 26, 2014); *see also Grateful Dead
Prods. v. Sagan*, No. C-06-7727-JW (PVT), 2007 U.S. Dist. LEXIS 56810, 2007 WL 2155693, at *1 (N.D. Cal. July 26, 2007) ("There is no priority in propounding
discovery, and the fact that one party has not responded to discovery does not entitle an opposing party to refuse to provide discovery."). Defendant's arguments
regarding deposition priority are therefore rejected.

Please respond to this email immediately. If we do not hear from you by 9:30 a.m. tomorrow morning, we will request an IDC with Magistrate Judge Oliver, as an
IDC is required before Plaintiff can move for a protective order.  Your prompt attention to this matter will be greatly appreciated, as time is of the essence.
[Quoted text hidden]

--



Sarah Cohen, Esq.
[Quoted text hidden]

# EXHIBIT L



Sarah Cohen <sarah.cohen@loywr.com>

---

## Ian Lenahan v. Target Corp -Amended Notice of Deposition of Plaintiff

**Sarah Cohen** <sarah.cohen@loywr.com>                                    Thu, Mar 3, 2022 at 11:58 AM
To: Samantha Grant <SGrant@sheppardmullin.com>
Cc: "young.ryu@loywr.com" <young.ryu@loywr.com>, "henna.choi@loywr.com" <henna.choi@loywr.com>, "david.babcock@loywr.com" <david.babcock@loywr.com>, "harley.phleger@loywr.com" <harley.phleger@loywr.com>, Melody Shabpareh <MShabpareh@sheppardmullin.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>, Jennifer Rodriguez <JRodriguez@sheppardmullin.com>

Counsel,

We are providing the following alternative dates for Plaintiff's deposition in response to Defendant's 11th hour cold-noticed Amended Deposition Notice to Plaintiff for March 7, 2022. Plaintiff and his counsel are not available on March 7, 2022. As is clear from this e-mail thread as shown below, we offered Plaintiff's deposition availability back on December 9, 2021. Ms. Wilson stated that she would confirm a date with us "next week", however, she failed to do so and we never heard back from you since then. Nevertheless, Plaintiff will continue to meet and confer with Defendant, in good faith, to set a mutually agreeable date for Plaintiff's deposition. Plaintiff's availability is as follows:

1.  March 15, 2022 at 10:00 a.m. by videoconference;
2.  March 17, 2022 at 10:00 a.m. by videoconference; or
3.  March 18, 2022 at 10:00 a.m. by videoconference.

Please note that March 18, 2022 is Plaintiff's preferred date as his schedule is most flexible on Fridays.

If we cannot come to an agreement as to the foregoing dates, please confirm whether you are willing to stipulate to an IDC with Magistrate Judge Oliver. We are available to attend an IDC on the dates above.

Thank you.

[Quoted text hidden]

# EXHIBIT M



**Sarah Cohen <sarah.cohen@loywr.com>**

---

## Ian Lenahan v. Target Corp -Amended Notice of Deposition of Plaintiff

**Samantha Grant** <SGrant@sheppardmullin.com>                                    Thu, Mar 3, 2022 at 12:09 PM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: "young.ryu@loywr.com" <young.ryu@loywr.com>, "henna.choi@loywr.com" <henna.choi@loywr.com>, "david.babcock@loywr.com" <david.babcock@loywr.com>, "harley.phleger@loywr.com" <harley.phleger@loywr.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>

Counsel,

Your email ignores the fact that I did meet and confer about the deposition dates, we agreed to table them until after the mediation, and we agreed Plaintiff's deposition could proceed first.  It also ignores that we plan to take Plaintiff's deposition in person.

If Plaintiff's counsel is not available at all on March 7, how could you have noticed a deposition for later that same day?

You quarrel with the fact that we noticed the deposition without meeting and conferring, but you did precisely that by noticing the depositions of the witnesses you wanted to depose without meeting and conferring and after we agreed to table the depositions.  When I raised these same issues with Young, he stated there is absolutely nothing wrong with your actions.

I'm not available on March 15, 17, and 18 as I will be out of the country.

Samantha

**Samantha C. Grant** | Partner
+1 310-228-3739 | direct
SGrant@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main

www.sheppardmullin.com | LinkedIn | Twitter

[Quoted text hidden]

# EXHIBIT N

Case 2:21-cv-02710-FLA-RAO Document 27-1 Filed 03/08/22 Page 52 of 93 Page ID #:370



**Sarah Cohen <sarah.cohen@loywr.com>**

---

## Ian Lenahan v. Target Corp -Amended Notice of Deposition of Plaintiff

---

**Samantha Grant** <SGrant@sheppardmullin.com>                                    Fri, Mar 4, 2022 at 12:21 PM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: "young.ryu@loywr.com" <young.ryu@loywr.com>, "henna.choi@loywr.com" <henna.choi@loywr.com>, "david.babcock@loywr.com" <david.babcock@loywr.com>, "harley.phleger@loywr.com" <harley.phleger@loywr.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>

Counsel,


Yes, as I stated I did not think you gave reasonable notice, but Young told me he thought it was perfectly fine.  As such, you should not find our notice unreasonable either.  Further, service the deposition subpoenas on us a month after they were issued and served on the deponents is bad faith and unethical especially given you served us mere days before the depositions were going to take place.  Further, the reason Plaintiff's deposition was not rescheduled was because we agreed to table the depositions until after mediation.


I already told you that the dates you proposed in March do not work for me.  Indeed, I will be on business travel out of the country on all of the dates you proposed, which was scheduled months ago.  We can start Plaintiff's deposition at noon on March 7 if the morning does not work for you.


I am happy to put this record before the court and am perplexed that you think the court won't see a problem with your conduct in serving the deposition subpoenas on us a month after they were issued, which you still have not explained.

[Quoted text hidden]

# EXHIBIT O

3/6/22, 1:44 PM

Case 2:21-cv-02710-FLA-RAO Ian Lenahan v. Target Corporation - Further Meet and Confer Re: Depositions Page 54 of 93 Page ID
#:372



Sarah Cohen <sarah.cohen@loywr.com>

---

# Ian Lenahan v. Target Corporation - Further Meet and Confer Re: Depositions
2 messages

---

**Sarah Cohen** <sarah.cohen@loywr.com>                                                    Sat, Mar 5, 2022 at 4:09 PM
To: Samantha Grant <sgrant@sheppardmullin.com>
Cc: Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>, Young Ryu <young.ryu@loywr.com>, Henna Choi <henna.choi@loywr.com>, Dave Babcock
<david.babcock@loywr.com>, Harley Phleger <harley.phleger@loywr.com>

Counsel,

We write to you to further meet and confer regarding Plaintiff's deposition. As previously explained in our March 3, 2022 correspondence, we are unavailable for Plaintiff's deposition which was noticed two (2) business days before the noticed date of Monday March 7, 2022 at 9:00 a.m. Further, a mere two (2) business days is not enough time for Plaintiff's counsel to prepare for our client's deposition--a party deposition.

Moreover, Defendant's insistence that Plaintiff's deposition be conducted in person is entirely unreasonable. Firstly, Plaintiff has two (2) young children with one of them being under the age of five (5) and thus too young to be vaccinated. We simply cannot allow our client to jeopardize his child's health and safety to satisfy your legally unsupported argument that Plaintiff's deposition must be conducted first. Secondly, while we appreciate your offer of moving Plaintiff's deposition to 12:00 p.m. on March 7, 2022, you already had notice of Francis Angulo's deposition set for March 7, 2022, at 4:00 p.m. Plaintiff's counsel cannot be expected, or forced, to fit both of those into one day and travel back and forth Downtown and Century City. This is especially so if you plan to take advantage of the full seven (7) hours allotted by the FRCP.

We propose that you reconsider the alternative days and times offered by Plaintiff for his deposition so that it can be conducted remotely/safely and in one day. We understand that you have pre-scheduled plans to be out of the country, however, remote depositions can be taken from essentially anywhere with an internet connection. Furthermore, you have made zero effort to provide alternative days to March 7, March 15, March 17 or March 18. We suggest you take another look at your calendar and make a good faith effort to find a mutually agreeable date.

With regards to the third-party depositions, these will remain on calendar. Defendant had reasonable notice. You claim you are unavailable on the noticed dates and times. However, Sheppard Mullin claims to have 1000 attorneys. We are confident that you can pool your resources and arrange one, or more, of the 999 other attorneys to defend the depositions.

In light of the foregoing, please confirm within the next 24 hours that Plaintiff's deposition noticed for March 7, 2022 at 9:00 a.m. is off calendar. Failure to do so will force Plaintiff to seek a protective order from the Court on an ex parte basis by Monday morning.

Thank you.

--

 LOYR, APC

Sarah Cohen, Esq.
3130 Wilshire Blvd. Suite 209
Los Angeles, CA 90010
Phone: (213) 318 - 5323
Fax: (800) 576 - 1170

THIS COMMUNICATION IS **ONLY** FOR THE INDIVIDUAL(S) OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NEITHER AN ADDRESSEE NOR SOMEONE RESPONSIBLE FOR DELIVERY TO AN ADDRESSEE, BE AWARE THAT DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE TELEPHONE THE SENDER IMMEDIATELY SO ARRANGEMENTS CAN BE MADE FOR ITS RETRIEVAL. THANK YOU.

**Samantha Grant** <SGrant@sheppardmullin.com>                    Sat, Mar 5, 2022 at 4:16 PM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>, Young Ryu <young.ryu@loywr.com>, Henna Choi <henna.choi@loywr.com>, Dave Babcock <david.babcock@loywr.com>, Harley Phleger <harley.phleger@loywr.com>

Sarah,

Please check your email and respond to the email I already sent on this subject matter.

Thanks,

Samantha

> On Mar 5, 2022, at 2:10 PM, Sarah Cohen <sarah.cohen@loywr.com> wrote:

> [Quoted text hidden]

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT P



Sarah Cohen <sarah.cohen@loywr.com>

---

# Ian Lenahan v. Target Corp -Amended Notice of Deposition of Plaintiff

---

**Samantha Grant** <SGrant@sheppardmullin.com>                                                                Sat, Mar 5, 2022 at 9:56 PM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: "young.ryu@loywr.com" <young.ryu@loywr.com>, "henna.choi@loywr.com" <henna.choi@loywr.com>, "david.babcock@loywr.com" <david.babcock@loywr.com>, "harley.phleger@loywr.com" <harley.phleger@loywr.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>

Sarah,

The deposition remains on calendar for Monday at 9:00 am unless we otherwise agree. Given your client is apparently working and is not on lockdown, he can appear in person. I'm fully vaccinated and boosted and we can have the court reporter can potentially appear remotely if circumstances require us to limit the individuals in the room. The federal courts have long lifted restrictions on personal appearances. We are entitled to depose him in person and see no reason why we cannot begin on Monday at noon. We are fine doing so at our downtown office given your concern about coming across town. We can also stop at 4:00 pm and resume the next day.

This all could have been avoided if you did not choose to forego meeting and conferring with us on third party depositions. Now those witnesses may have to appear remotely and then again in person absent agreement on the functioning of those depositions.

I'm fine arranging for an IDC and look forward to the opportunity to raise your conduct with the court.

Samantha
[Quoted text hidden]

---

**2 attachments**

 **image001.jpg**
4K

 **image001.jpg**
4K

# EXHIBIT Q



Sarah Cohen <sarah.cohen@loywr.com>

# Ian Lenahan v. Target Corp.: Notice of Ex Parte Application (L.R. 7-19)

**Henna Choi** <henna.choi@loywr.com>                                                          Sun, Mar 6, 2022 at 2:44 PM
To: SGrant@sheppardmullin.com, WNonnettePerry@sheppardmullin.com
Cc: JRodriguez@sheppardmullin.com, MShabpareh@sheppardmullin.com, Young Ryu <young.ryu@loywr.com>, Sarah Cohen <sarah.cohen@loywr.com>

Dear Counsel,

Please be advised that this email constitutes notice required under Central District Local Rule 7-19 for an ex parte application.

First, Plaintiff Ian Lenahan will be filing a motion for protective order as soon as practicable to prevent his deposition unilaterally noticed by Defendant Target Corporation ("Defendant"), with two (2) business days' notice, from proceeding tomorrow morning at 9:00 a.m. in person. Plaintiff will also seek an order continuing his deposition to one of the three alternative dates we provided to your office on March 3, 2022, and for the deposition to proceed remotely.

Plaintiff will then move ex parte tomorrow, March 7, 2022, before 9 a.m., to shorten the notice period and advance the hearing date for the motion for protective order, to a date before the current discovery cutoff date of March 18, 2022. The exigent circumstance warranting ex parte relief is that Defendant's own delays in noticing Plaintiff's deposition at the 11th hour left Plaintiff unable to provide statutory notice of the contemplated motion for protective order. The delay has been caused by Defendant, not by Plaintiff, which warrants ex parte relief under *Mission Power Engineering Co. v. Continental Cas. Co.* 883 F. Supp. 488 (C.D. Cal. 1995).

The foregoing notice has also been provided telephonically by our Managing Partner, Mr. Ryu, leaving a voicemail on Ms. Grant's telephone number, 310-228-3739, at 2:03 p.m. today.

If you decide to reschedule Plaintiff's deposition to one of the alternative dates we provided, please do not hesitate to reach out to us via email to engage in a further conference of counsel under Local Rule 37-1. We will try to make time for you so long as you confirm in writing that you will not insist on proceeding with Plaintiff's deposition at 9:00 a.m. tomorrow morning in person.

Have a good rest of the weekend. Thank you.



Henna H. Choi, Esq.

Senior Associate Attorney

3130 Wilshire Blvd. Suite 209

Los Angeles, CA 90010

Phone: (213) 318 - 5323

Fax:      (800) 576 - 1170

THIS COMMUNICATION IS **ONLY** FOR THE INDIVIDUAL(S) OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NEITHER AN ADDRESSEE NOR SOMEONE RESPONSIBLE FOR DELIVERY TO AN ADDRESSEE, BE AWARE THAT DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE TELEPHONE THE SENDER IMMEDIATELY SO ARRANGEMENTS CAN BE MADE FOR ITS RETRIEVAL. THANK YOU.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

 **Gmail**

**Sarah Cohen <sarah.cohen@loywr.com>**

## Re: Ian Lenahan v. Target Corp.: Notice of Ex Parte Application (L.R. 7-19)
2 messages

**Samantha Grant** <SGrant@sheppardmullin.com>                                          Sun, Mar 6, 2022 at 4:02 PM
To: Henna Choi <henna.choi@loywr.com>
Cc: Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>, Young Ryu <young.ryu@loywr.com>, Sarah Cohen <sarah.cohen@loywr.com>

Counsel,


We already agreed with you to request an IDC.  Plaintiff cannot bring a motion because he has not met the requirements of Local Rule 37-1.   Although we have not had an in person or telephonic meet and confer, based on that we currently know, Target intends to oppose Plaintiff's motion on procedural and substantive grounds.  Target also intends to oppose Plaintiff's ex parte application for which you provided us purported notice on a Sunday even though Plaintiff was served the deposition notice days ago.


Please see my other communications on this subject, which are incorporated herein by reference as though fully set forth, and should be provided to the Court with your ill-advised filing.  I previously told you that I'm scheduled to be out of the country on business travel on the dates you suggested and that the trip has been scheduled for months.  I provided alternate dates and indicated a willingness to move the deposition if we can agree on a new date.  You stated you were looking into the feasibility of those dates, but I have not received any further communications from you other than your purported ex parte notice.


During the meet and confer process regarding deposition scheduling, the parties agreed to stay depositions pending mediation.  Yet, Plaintiff surreptitiously served the attached two deposition subpoenas on deponents without serving us or otherwise informing us of those subpoenas for a month and, worse, waiting until a couple of days before the depositions to serve us with those subpoenas.  One of those deposition notices you served just after midnight on March 1 and failed to copy our entire service list or otherwise mention you were e-serving a document.  When I immediately sent you a reply email reminding you that we had agreed Plaintiff's deposition would proceed first, you did not object to or contest the contents of my email.  Plaintiff never attempted to meet and confer with us on deposition dates during the past month.  Despite Target's serving the attached objections to both of those deposition notices, Plaintiff has refused to meet and confer regarding the dates for those depositions and intends to proceed over the objections.  You have still not explained that conduct despite our repeated requests as part of our meet and confer efforts on those depositions.


Plaintiff also obtained declarations that Plaintiff is failing and refusing to provide Target even though we have twice pointed out he has an obligation to do so under Rule 26(e) and requested that he comply with that obligation.


Target intends to bring Plaintiff's discovery conduct to the Court's attention.

Please include this email and its attachments in your papers for Plaintiff's motion and ex parte application.


Thank you,


Samantha


**Samantha C. Grant** | Partner
+1 310-228-3739 | direct
SGrant@sheppardmullin.com | Bio


**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

> On Mar 6, 2022, at 2:45 PM, Henna Choi <henna.choi@loywr.com> wrote:
>
> Dear Counsel,
>
> Please be advised that this email constitutes notice required under Central District Local Rule 7-19 for an ex parte application.
>
> First, Plaintiff Ian Lenahan will be filing a motion for protective order as soon as practicable to prevent his deposition unilaterally noticed by Defendant Target Corporation ("Defendant"), with two (2) business days' notice, from proceeding tomorrow morning at 9:00 a.m. in person.  Plaintiff will also seek an order continuing his deposition to one of the three alternative dates we provided to your office on March 3, 2022, and for the deposition to proceed remotely.
>
> Plaintiff will then move ex parte tomorrow, March 7, 2022, before 9 a.m., to shorten the notice period and advance the hearing date for the motion for protective order, to a date before the current discovery cutoff date of March 18, 2022.  The exigent circumstance warranting ex parte relief is that Defendant's own delays in noticing Plaintiff's deposition at the 11th hour left Plaintiff unable to provide statutory notice of the contemplated motion for protective order.  The delay has been caused by Defendant, not

by Plaintiff, which warrants ex parte relief under *Mission Power Engineering Co. v. Continental Cas. Co.* 883 F. Supp. 488 (C.D. Cal. 1995).

The foregoing notice has also been provided telephonically by our Managing Partner, Mr. Ryu, leaving a voicemail on Ms. Grant's telephone number, 310-228-3739, at 2:03 p.m. today.

If you decide to reschedule Plaintiff's deposition to one of the alternative dates we provided, please do not hesitate to reach out to us via email to engage in a further conference of counsel under Local Rule 37-1.  We will try to make time for you so long as you confirm in writing that you will not insist on proceeding with Plaintiff's deposition at 9:00 a.m. tomorrow morning in person.

Have a good rest of the weekend.  Thank you.



Henna H. Choi, Esq.

Senior Associate Attorney

3130 Wilshire Blvd. Suite 209

Los Angeles, CA 90010

Phone: (213) 318 - 5323

Fax:     (800) 576 - 1170

THIS COMMUNICATION IS **ONLY** FOR THE INDIVIDUAL(S) OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NEITHER AN ADDRESSEE NOR SOMEONE RESPONSIBLE FOR DELIVERY TO AN ADDRESSEE, BE AWARE THAT DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE TELEPHONE THE SENDER IMMEDIATELY SO ARRANGEMENTS CAN BE MADE FOR ITS RETRIEVAL.  THANK YOU.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**4 attachments**

 **3-1-22 Pltf Notice of Depo Sub Re- FREDERICK LOPEZ - Ian Lenahan .pdf**
427K

**Target's Objections to Deposition Subpoena for Personal Appearance of F. Lopez.pdf**
131K

 **3-2-22 AMENDED Pltf Notice of Depo Sub Re- Francis Angulo - Ian Lenahan .pdf**
355K

 **Target's Objections to Deposition Subpoena for Personal Appearance to F. Angulo.pdf**
130K

---

**Henna Choi** <henna.choi@loywr.com>                                      Sun, Mar 6, 2022 at 4:22 PM
To: Samantha Grant <SGrant@sheppardmullin.com>
Cc: Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>, Young Ryu <young.ryu@loywr.com>, Sarah Cohen <sarah.cohen@loywr.com>

Counsel, please see my response below in blue.  Thank you.

 LOYR, APC

Henna H. Choi, Esq.

Senior Associate Attorney

3130 Wilshire Blvd. Suite 209

Los Angeles, CA 90010

Phone: (213) 318 - 5323

Fax:      (800) 576 - 1170

THIS COMMUNICATION IS **ONLY** FOR THE INDIVIDUAL(S) OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NEITHER AN ADDRESSEE NOR SOMEONE RESPONSIBLE FOR DELIVERY TO AN ADDRESSEE, BE AWARE THAT DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE TELEPHONE THE SENDER IMMEDIATELY SO ARRANGEMENTS CAN BE MADE FOR ITS RETRIEVAL.  THANK YOU.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Sun, Mar 6, 2022 at 4:04 PM Samantha Grant <SGrant@sheppardmullin.com> wrote:

Counsel,

We already agreed with you to request an IDC.  Plaintiff cannot bring a motion because he has not met the requirements of Local Rule 37-1.  Although we have not had an in person or telephonic meet and confer, based on that we currently know, Target intends to oppose Plaintiff's motion on procedural and substantive grounds.  Target also intends to oppose Plaintiff's ex parte application for which you provided us purported notice on a Sunday even though Plaintiff was served the deposition notice days ago.  On March 3, 2022, we invited you to meet and confer with us under Central District Local Rule 37-1 and provided three altrenative dates for the purpose of rescheduling Plaintiff's deposition to proceed via video conference.  You did not even provide an alternative date until last night, on a Saturday, at 9:53 p.m. and then insisted on taking Plaintiff's deposition in person.

Please see my other communications on this subject, which are incorporated herein by reference as though fully set forth, and should be provided to the Court with your ill-advised filing.  I previously told you that I'm scheduled to be out of the country on business travel on the dates you suggested and that the trip has been scheduled for months.  I provided alternate dates and indicated a willingness to move the deposition if we can agree on a new date.  You stated you were looking into the feasibility of those dates, but I have not received any further communications from you other than your purported ex parte notice.  Our motion is not ill-advised given that Defendant served the notice of Plaintiff's deposition on March 2, 2022, at 8:20 p.m. for it to proceed on March 7, 2022, at 9:00 a.m in person.  Unlike you, we are not prepared to attend any deposition in person, and I really admire your courage.  But what is your rationale for inisiting on an in-person deposition, if your firm is not forcing your associates to work in the office?  Our client has two very young children who are not vaccinated at this time, and we asked you yesterday to please reconsider the risk of proceeding with an in-person deposition.  We stated that we would look into the feasibility of those dates, if you would proceed with the deposition remotely, not in person.  Given that the County of Los Angeles is barely getting out of the surge, we would ask that you reconsider your position, but we are proceeding with the motion for protective order because you are not being reasonable and are refusing to meet and confer in good faith.

During the meet and confer process regarding deposition scheduling, the parties agreed to stay depositions pending mediation.  Yet, Plaintiff surreptitiously served the attached two deposition subpoenas on deponents without serving us or otherwise informing us of those subpoenas for a month and, worse, waiting until a couple of days before the depositions to serve us with those subpoenas.  One of those deposition notices you served just after midnight on March 1 and failed to copy our entire service list or otherwise mention you were e-serving a document.  When I immediately sent you a reply email reminding you that we had agreed Plaintiff's deposition would proceed first, you did not object to or contest the contents of my email.  Plaintiff never attempted to meet and confer with us on deposition dates during the past month.  Despite Target's serving the attached objections to both of those deposition notices, Plaintiff has refused to meet and confer regarding the dates for those depositions and intends to proceed over the objections.  You have still not explained that conduct despite our repeated requests as part of our meet and confer efforts on those depositions.  I respect the years of your experience and vantage.  However, the FRCP is clear that any stay in discovery has to be approved by the Court.  There is nothing surreptitious about Plaintiff's deposition notices.  We did what we were required to do under the FRCP, Central District's Local Rules, and the District Judge's Standing Order and Courtroom Procedures, and Magistrate Judge's Courtroom Procedures.  We are following all these rules and nothing more, and as a seasoned litigator, I am sure you are very well-versed in these rules as well.  I only respect your experiences from what I've observed.

Plaintiff also obtained declarations that Plaintiff is failing and refusing to provide Target even though we have twice pointed out he has an obligation to do so under Rule 26(e) and requested that he comply with that obligation.  Ms. Cohen will address this issue, but you are purely speculating that we have such declarations.  Even if we do, they are protected under the attorney work product doctrine.

Target intends to bring Plaintiff's discovery conduct to the Court's attention.

Please include this email and its attachments in your papers for Plaintiff's motion and ex parte application.   Will do.   Thank you for the friendly reminder.


Thank you,

[Quoted text hidden]

# EXHIBIT R



Sarah Cohen <sarah.cohen@loywr.com>

---

# Ian Lenahan v. Target Corp -Amended Notice of Deposition of Plaintiff

---

**Samantha Grant** <SGrant@sheppardmullin.com>                                     Sat, Mar 5, 2022 at 9:56 PM
To: Sarah Cohen <sarah.cohen@loywr.com>
Cc: "young.ryu@loywr.com" <young.ryu@loywr.com>, "henna.choi@loywr.com" <henna.choi@loywr.com>, "david.babcock@loywr.com" <david.babcock@loywr.com>, "harley.phleger@loywr.com" <harley.phleger@loywr.com>, Whitney Nonnette Perry <WNonnettePerry@sheppardmullin.com>

Sarah,

The deposition remains on calendar for Monday at 9:00 am unless we otherwise agree.  Given your client is apparently working and is not on lockdown, he can appear in person.  I'm fully vaccinated and boosted and we can have the court reporter can potentially appear remotely if circumstances require us to limit the individuals in the room.  The federal courts have long lifted restrictions on personal appearances.  We are entitled to depose him in person and see no reason why we cannot begin on Monday at noon.  We are fine doing so at our downtown office given your concern about coming across town.  We can also stop at 4:00 pm and resume the next day.

This all could have been avoided if you did not choose to forego meeting and conferring with us on third party depositions.  Now those witnesses may have to appear remotely and then again in person absent agreement on the functioning of those depositions.

I'm fine arranging for an IDC and look forward to the opportunity to raise your conduct with the court.

Samantha
[Quoted text hidden]

---

**2 attachments**

 **image001.jpg**
4K

 **image001.jpg**
4K

# EXHIBIT S

1

1      REALTIME ROUGH DRAFT AND UNCERTIFIED TRANSCRIPT

2           The following file is not an official

3      transcript.  It is intended only to aid in case

4      preparation.  The final transcript will be

5      different, both in form and substance, from this

6      rough draft translation.

7           You may see errors and omissions during

8      the realtime translation.  This is not an

9      unusual process, and these errors and omissions

10     will be corrected on the final transcript.

11          Please do not try to bring these

12     discrepancies to the attention of the reporter

13     during the course of the deposition.

14               UNOFFICIAL DRAFT TRANSCRIPT

15          ŽTHIS IS AN UNOFFICIAL DRAFT TRANSCRIPT!

16          This transcript has not been checked,

17     proofread or corrected.  It is a draft

18     transcript, NOT a certified transcript.

19          As such, it may contain computer-generated

20     mistranslations of stenotype code, resulting in

21     inaccurate or nonsensical word combinations or

22     untranslated stenotype symbols which cannot be

23     deciphered by non-stenotypists.

24          Corrections will be made in the

25     preparation of the certified transcript,

2

1     resulting in differences in page and line

2     numbers, punctuation and formatting.

3          THIS DRAFT TRANSCRIPT IS SUPPLIED TO YOU

4     ON THE CONDITION THAT UPON RECEIPT OF THE

5     CERTIFIED TRANSCRIPT, THIS DRAFT AND ANY COPIES

6     THEREOF (IN CONDENSED FORMAT OR OTHERWISE) WILL

7     BE DESTROYED.

8          THE CERTIFIED TRANSCRIPT IS THE ONLY

9     OFFICIAL TRANSCRIPT WHICH MAY BE RELIED UPON FOR

10    PURPOSES OF VERBATIM CITATION OF TESTIMONY.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    ambiguous.  Incomplete hypothetical.

2    BY THE WITNESS:

3        A.  Could you rephrase that?

4    BY MS. CHOI:

5        Q.  Strike that.  I'm going to withdraw the

6    question.  I'm going to stop sharing this video

7    by the way.  Do you need to look at this video

8    again, Ms. Angulo, in order to testify about the

9    apprehension incident further?

10       A.  No, I do not need to watch it again.

11       Q.  Okay.

12           MS. GRANT:  Ms. Choi, does the moderator

13   have Exhibit 1 already?

14           MS. CHOI:  No.  Why?  I'm going to send

15   it to him.  Sarah, could you please upload it

16   because Counsel is having issues.

17           MS. COHEN:  Sure.

18           MS. GRANT:  I asked because the

19   moderator told me that they would be handling

20   the exhibits for the deposition, so I just

21   wanted to know who has it.

22           MS. CHOI:  Moderator, I believe I was

23   free to show it on my end if I wanted to control

24   the exhibit.  Correct?

25           THE DEPOSITION MODERATOR:  Yes.  I think

1   what Ms. Grant was saying is, like, who has the

2   ability to share it.  I don't have the ability

3   because I don't have that video.  So either your

4   firm has the video or somebody else that was

5   playing earlier.  So they would to play it

6   again.

7          MS. GRANT:  Right.  So I think Ms. Choi

8   has to share the video with the moderator so the

9   moderator has it.

10         THE DEPOSITION MODERATOR:  The moderator

11   doesn't have the video.

12         MS. CHOI:  I was going to send it by

13   chat and someone told me not to.

14         MS. CHOI:  Actually, can we go off the

15   record real quick?  Well, Ms. Grant is not

16   agreeing, so I will speak on the record.

17              Ms. Cohen can upload Exhibit 1 to

18   whatever the exhibit share.

19         MS. COHEN:  Well, could I upload it to

20   the chat and you take it from the chat?

21         MS. CHOI:  I tried that, but it's not up

22   loading to the chat because it's a video for

23   security reasons.

24         MS. COHEN:  All right.  So we might have

25   to e-mail -- do you have access to the private

76

1    Your comment about she already has the video.

2    My position and my comment was, we can't use

3    multiple copies and call it Exhibit 1.  That's

4    my only point.

5         MS. CHOI:  Okay.  Fair enough.

6         MS. COHEN:  I just provided the video to

7    Shaz, so we are good.

8              Can you confirm, please, Shaz, that

9    you have it?

10         THE DEPOSITION MODERATOR:  Yes, I do

11   have the video and I will be uploading it in

12   maybe two minutes.

13         MS. COHEN:  Thank you.

14         MS. CHOI:  Can I continue asking

15   questions?  It's unfortunate that we cannot go

16   off the record to discuss these logistics and

17   stuff like that because Counsel, once she goes

18   off the record, wouldn't want to come back on

19   the record.

20         MS. GRANT:  I have no idea what you're

21   talking about.  But I don't appreciate -- as

22   I've said, ad hominem attacks are not helpful in

23   this deposition or in the case at all.  But if

24   you insist on making them, there's nothing I can

25   do about them.

1    yes.

2         Q.   And what time period of time are we

3    talking about?  Is that 2019 or 2020?

4         A.   I don't recall the exact time frame.

5         Q.   Was it after Mr. Lenahan was terminated?

6         A.   No.  It was prior.

7              MS. CHOI:  Let's go off the record for

8    five minutes.  Why are you refusing, Counsel?  I

9    need to use the restroom.

10             MS. GRANT:  Feel free to go and use the

11   restroom.  We don't need to go off the record.

12             MS. CHOI:  I am not -- I've never had a

13   counsel not wanting to go off the record.  This

14   is rude.  Do you not ever take a break during

15   deposition, Counsel?  I need a break.

16             MS. GRANT:  I didn't say you can't go to

17   the restroom.  I said we don't need to go off

18   the record.

19             MS. CHOI:  We are because you are

20   wasting our money.

21             MS. GRANT:  It's not -- you are not

22   spending more money because we are on the record

23   or not on the record.  I don't understand what

24   you are saying.  How is that wasting your money?

25             MS. CHOI:  You have never gone off the

1  record counsel?  You never take a break during a
2  deposition?
3          MS. GRANT:  I do.
4          MS. CHOI:  So why are you not letting me
5  take a break when I need to go to the restroom?
6          MS. GRANT:  I'm saying go.  This
7  colloquy is not helpful.  I'm just saying if you
8  want to go, go.  I'm just saying we are not
9  going off the record.  In the time you were
10 talking to me you could have gone already?
11         MS. CHOI:  Why do you not want to go off
12 the record?
13         MS. GRANT:  We don't need to engage in a
14 back-and-forth.  It's taking unnecessary time.
15 If you want to go to the restroom, go to the
16 restroom.  You've got another lawyer sitting
17 right here.
18         MS. CHOI:  Ms. Angulo --
19         THE WITNESS:  Can I step away for the
20 moment?
21         MS. CHOI:  We are off the record.
22         MS. GRANT:  We're not off the record.
23         MS. CHOI:  We are.
24         MS. COHEN:  And we don't have another
25 lawyer.

1        MS. CHOI:  Counsel, you are

2   being abusive.

3        MS. GRANT:  We cannot go off the record

4   unless all sides agree.

5            (Unintelligible crosstalk.)

6        THE COURT REPORTER:  I cannot take you

7   all down if you're talking at the same time,

8   once again.

9        MS. CHOI:  I need to use the restroom.

10   I need to go off the record.

11        MS. GRANT:  Feel free to use the

12   restroom.

13        MS. CHOI:  I don't know why Counsel is

14   refusing.  I have been accommodating all this

15   time.

16        MS. GRANT:  Feel free to go use the

17   restroom.  Ms. Angulo has also stepped away.

18   You should feel free to do so too, but I don't

19   think we need to go off the record.

20        MS. CHOI:  What is your explanation

21   for --

22        MS. COHEN:  We are going off the record.

23        MS. GRANT:  We're not.

24        MS. COHEN:  Madam Court Reporter, we are

25   going off the record.

1         THE COURT REPORTER:  Everybody has to

2    agree to go off the record.  So I can't go to

3    the restroom, but you guys can go to the

4    restroom.

5         MS. CHOI:  I think we may have to

6    suspend the deposition and get a protective

7    order for bathroom breaks.

8         MS. GRANT:  Counsel --

9         MS. CHOI:  If we are on the record --

10        (Unintelligible crosstalk.)

11        THE COURT REPORTER:  I cannot get you

12    both talking at the same time.  My hands are

13    coming off the keyboard.  I cannot do it.  I

14    cannot do it.  Nobody could do it.

15        MS. CHOI:  I think we have to --

16        MS. GRANT:  My concern, for the record,

17    is that I want to ask the witness questions, and

18    you all already indicated that you are going to

19    try to obstruct my asking the witness questions.

20    And so if I go off the record, I don't believe

21    that you all will go back on the record and let

22    me ask the questions that I want to ask of the

23    deponent, which is why I'm not going off the

24    record.  If you all agree, I'm fine with

25    everybody stepping away without us going off the

1    record.  Nothing is going to happen if we all

2    step away, but I don't agree to go off the

3    record because I'm not going to put myself and

4    my client in the position of not being able to

5    ask the deponent questions.  You guys have

6    already tried to obstruct my ability to do so.

7    You told me at the inception of this matter, of

8    this deposition, that you were going to try to

9    obstruct my ability of to questions.  So that's

10   with what I'm trying to prevent.

11        MS. CHOI:  So right now --

12        MS. GRANT:  The witness has said she is

13   available for the rest of the evening and you

14   all try to say, Well, maybe she's not, maybe she

15   wants to have dinner.  You're clearly trying to

16   lead her into not testifying for the questions

17   that I want to ask her which is improper which

18   is why I don't want to go off the record.  I am

19   perfectly fine with Ms. Waters stepping away,

20   taking her hand away from the keyboard.  We can

21   all put ourselves on mute and agree to stop

22   talking so that she can do that, but I do not

23   want to go off the record because you guys have

24   already told me that you would obstruct my

25   ability to ask questions.

90

1          THE COURT REPORTER:  I cannot step away

2     while on the record.

3          MS. CHOI:  Exactly the point I was

4     trying to make, Ms. Waters.

5               (Unintelligible crosstalk.)

6          THE COURT REPORTER:  At this point I may

7     need to reach out to my firm and ask for support

8     here because I'm a neutral party here and I'm on

9     the record.  I'm putting myself on the record.

10    And I feel that this cannot be resolved for me

11    without contacting my firm if this continues.

12    Perhaps we will have to get another court

13    reporter.

14         MS. COHEN:  I don't think this is going

15    to be resolved.  I suggest the suspend the

16    deposition.  And, Counsel, Ms. Grant, you want

17    to talk about obstruction, we had to start this

18    deposition significantly late because of your

19    difficulty in the beginning, but now everyone

20    has to accommodate you because you want to ask

21    questions.  When we needed to ask our questions

22    at the beginning was the depending that we

23    noticed that we arranged, you wouldn't allow it,

24    and you want to talk about obstruction?

25         MS. GRANT:  That's not true.  Look, if

```
 1    you all want to agree that we can go back on the
 2    record and that I can ask questions, I am fine
 3    doing that, but I want to make sure that my
 4    client are able to have their questions answered
 5    too.
 6          MS. CHOI:  Counsel, the truth of the
 7    matter is the discovery cutoff is coming up and
 8    you have not noticed this witness for your own
 9    deposition.
10          MS. GRANT:  I don't have to do that.  I
11    think the witness has something to say.
12          THE WITNESS:  I'm so sorry to interrupt.
13    I just found out that a close family member
14    died.  We just got a phone call.  So I'm just
15    trying to see how much longer this is going to
16    go.
17          MS. COHEN:  I'm sorry here that,
18    Ms. Angulo.
19          MS. CHOI:  Well, you know, I'm so sorry.
20    You are free to go.  You are free to go.
21          THE WITNESS:  I just need a second.  I
22    can continue.  I just need a second though.
23          MS. GRANT:  Are you okay?
24          THE WITNESS:  Yes.  Thank you.
25          MS. GRANT:  I'm really sorry about your
```

92

1    loss.

2            THE WITNESS:  Thank you.  It's very

3    surprising.

4            MS. GRANT:  So, Ms. Choi, as I was

5    saying, do you -- I mean, it seems like

6    everybody took their break, but do you still

7    need to take an additional break?

8            THE COURT REPORTER:  We are still on the

9    record.

10           MS. CHOI:  I haven't been able to go to

11   the bathroom because, Counsel, you are not

12   letting me go.

13           MS. GRANT:  Everybody's camera --

14           MS. CHOI:  We are going to suspend the

15   deposition because Ms. Angulo is in a -- I don't

16   want to put her through this.

17               But, also, in the beginning of the

18   deposition I did offer to Defense Counsel,

19   Ms. Samantha Grant, that I would allow her to

20   ask her questions to the witness at the end of

21   the deposition once I am done with the

22   questioning, but I have been constantly

23   interrupted with questions and speaking

24   objections and arguments in an attempt to meet

25   and confer with me on the record.  And at the

1   end, Defense Counsel refused to go off the

2   record to allow me to go to the restroom.  So we

3   are going to have to continue this deposition at

4   a time that's convenient to Ms. Angulo because

5   as it is, we cannot maintain this deposition.

6   And we are going to have to seek a protective

7   order from the Court to allow me to go off the

8   record so that I can go use the restroom and get

9   water if I have to and let the court reporter

10  also take a break when she needs to because the

11  court reporter cannot step away if we are still

12  all on the record and it's inhumane and improper

13  to not allow the court reporter breaks.

14        MS. GRANT:  So I already said I'm fine

15  going off the record as long as you all agree

16  that we can go back on the record so I can ask

17  my questions.  I said that.

18        MS. CHOI:  Counsel, the witness just

19  told us that a family member passed away.

20        MS. GRANT:  She said that she was fine

21  to continue.

22        MS. CHOI:  Do you have any heart?

23        MS. GRANT:  Ms. Angulo, is there another

24  time later on that is better for you to

25  continue?

94

1          THE WITNESS:  Do you mean later on

2    today?  Because we are heading to --

3          MS. GRANT:  Or tomorrow.

4          MS. CHOI:  No.  Ms. Angulo, you know

5    what, you don't have to answer her.

6          MS. GRANT:  Ms. Choi --

7          MS. CHOI:  We are going to ask the Court

8    for a protective order given --

9          (Unintelligible crosstalk.)

10          MS. GRANT:  --  you're interfering with

11    my witness and obstructing --

12          MS. CHOI:  -- Counsel's harassing.

13          MS. GRANT:  Ms. Angulo, is there a

14    better time even tomorrow if not tonight that's

15    better for you?

16          THE WITNESS:  I would rather try to

17    hurry to finish this now because I have to get

18    my kids ready to go too.  If we could -- if we

19    are going to finish in, like, the next half

20    hour, my family needs time to get ready to we

21    can go.

22          MS. GRANT:  That's fine.  We can finish

23    in the next half hour.

24          MS. CHOI:  Actually, I have been asking

25    for a bathroom break since 5:55 and it's 6:08

95

1    right now and I have not been allowed to go to
2    the bathroom because Defense Counsel insisted
3    that we stay on the record.  And as counsel for
4    Mr. Lenahan, I can't step away while we are on
5    the record.  It's my obligation to stay on this
6    deposition.
7         MS. GRANT:  So first of all, I already
8    said, and I will repeat again, that as long as
9    we agree that we can go back on the record, I'm
10   fine with you taking a break.  Secondly, if we
11   are switching over to my asking questions,
12   Ms. Cohen is perfectly capable being here while
13   you step away.  If you want us to wait until you
14   get back, that's fine too.
15        MS. CHOI:  Counsel, I'm giving you
16   notice right now that we will be moving --
17   Plaintiff Ian Lenahan will be moving for a
18   protective order on an ex parte basis because
19   Counsel wouldn't allow me to go to the bathroom,
20   allow the court reporter to go to the bathroom,
21   or even agree to go off the record.
22        MS. GRANT:  The record is speaks for
23   itself.
24        MS. CHOI:  We are suspending it,
25   Counsel.  Off the record, please.

1          MS. GRANT:  No.  I'm only going to agree

2     to go off the record if you can agree that we

3     can go back on the record.  Ms. Angulo said she

4     has 30 minutes left.  I can ask my questions in

5     the 30 minutes.

6               Karen, do you have 30 minutes left

7     to spare?  I actually need have like 20.  Do you

8     have any time left to spare, Karen?

9          THE COURT REPORTER:  I have conferred

10     with the owner of my agency and she says, If one

11     party wants to leave the depo, that it will be

12     adjourned because there is no attorney there.

13     There's nothing that you can do, this is in

14     their hands.  If they leave, they may make a

15     statement to the effect that so-and-so does not

16     agree to go off the record, but at this time we

17     are adjourning the record.

18          MS. GRANT:  Ms. Angulo has a half hour;

19     Ms. Waters has half hour; and I have half hour.

20     There are two lawyers here for the plaintiff.

21     So rather than continuing to talk with each

22     other, Counsel, let's get this 30 minutes done

23     so that Ms. Angulo can go on about her business

24     and Ms. Waters can go on about her business.

25          MS. CHOI:  No.

97

1          MS. COHEN:  No.

2          MS. GRANT:  And, Ms. Waters --

3          MS. COHEN:  Counsel, I suggest you

4    review FRCP 30(d)(3)(a).  It allows us to

5    terminate --

6          MS. GRANT:  The court reporter --

7          MS. COHEN:  -- the deposition.

8          THE COURT REPORTER:  I am only taking

9    down the first person that's speaking.  If one

10   person interrupts, I'm not going to even try.

11   So the first person that is speaking has the

12   floor and that's Ms. Cohen.  Proceed.

13         MS. COHEN:  Okay.

14              You can review that federal rule.

15   Okay?  We are within our rights to suspend the

16   deposition because there that has been bad faith

17   here on your part from the start.

18         MS. GRANT:  So that is not true.  And in

19   any event, as a third party, if you want to

20   leave, you don't even have to be here for the

21   deposition because it's not -- you're not the

22   counsel for the deponent, so you don't actually

23   even have to be here for the deposition.  And

24   the fact that you noticed the deposition is of

25   no consequence once the witness is here.  So

1    Ms. Angulo is willing to stay for 30 minutes and

2    the court reporter is willing to stay for

3    30 minutes.  Ms. Angulo is not represented by

4    counsel.  You are not counsel for her and so you

5    cannot actually tell her or tell the court

6    reporter what to do with respect to this

7    deposition.

8            MS. COHEN:  The court reporter just

9    agreed.

10           MS. CHOI:  Ms. Angulo --

11           MS. GRANT:  The court reporter doesn't

12    have -- and I'm sure her supervisor or owner

13    doesn't have all of the facts of the minutia of

14    the third-party deposition and I'm sure, because

15    the rules are the rules, Ms. Angulo --

16           MS. COHEN:  Are you accusing the court

17    reporter of not --

18           MS. CHOI:  Hold on one second.

19                Ms. Angulo, you are relieved.  You

20    may leave now.

21           MS. GRANT:  She is not relieved.  You

22    are not relieved, Ms. Angulo.

23           MS. CHOI:  You are.

24                We subpoenaed you.

25           MS. GRANT:  It doesn't matter that you

1    subpoenaed her.  Once she is here she can

2    testify, and she said she is willing to talk for

3    30 minutes and you guys are eating up the time

4    unnecessarily.  If you don't let me ask any

5    questions, I'm going to move to strike her

6    entire deposition testimony and prevent her from

7    testifying at the trial and prevent you from

8    using her declaration, so...

9              MS. CHOI:  Go ahead.

10             MS. GRANT:  She said she's willing to

11   stay for 30 minutes which you are eating up.

12   Ms. Waters said that she is willing to stay and

13   you all have obstructed the ability of me to ask

14   questions.  And you are continuing --

15             MS. CHOI:  Ms. Angulo, you are

16   dismissed.  You may go now.

17             MS. GRANT:  She is not dismissed.

18              Ms. Angulo, just so you know --

19             MS. CHOI:  We are really sorry for your

20   loss and you I hope you are going to be okay.  I

21   truly mean it.

22             MS. GRANT:  Just so we are clear,

23   whatever you want to do is fine with me.  If you

24   want to stay and answer my questions now, that's

25   fine.  If you choose not to, you will have to

1    return and answer my questions later.  So it's

2    up to you.  Whatever you prefer, it's fine by

3    me.  If you prefer not to do it tonight and do

4    it another time, that's fine.  If you prefer to

5    do it to for the next 30 minutes.  That's fine

6    too.  Whatever works for you and Ms. Waters

7    works for me.

8              MS. CHOI:  Well, we subpoenaed the

9    witness and the subpoena power was from

10   Mr. Lenahan through the Court, so we are

11   dismissing the witness.

12              You may go.

13              THE WITNESS:  Okay.

14              MS. GRANT:  Ms. Angulo, if you go, you

15   will have to come back again.  So if you want to

16   come back again, that's fine, or you can stay

17   and do it now.  It's totally up to you.

18   Whatever working for you works for me subject to

19   that also working for Ms. Waters.

20              MS. CHOI:  Please go take care of your

21   family.  We will get a protective order for you,

22   Ms. Angulo, for this so please go ahead.  Do not

23   worry about the threat being made by Counsel.

24              THE WITNESS:  Okay.

25              MS. COHEN:  You are free to go.

1          MS. GRANT:  If you leave -- it's totally

2     up to you if you want to go now.

3          MS. CHOI:  She's gone.  All right.  I'm

4     leaving.

5          THE COURT REPORTER:  Are we going to put

6     anything on the record before we adjourn for the

7     day?

8          MS. GRANT:  I think the record speaks

9     for itself.

10          MS. CHOI:  Oh, yeah, sure.

11          MS. GRANT:  I think --

12          MS. CHOI:  Counsel, as you know --

13          THE COURT REPORTER:  One at a time.  One

14     at a time.

15          MS. CHOI:  We are off the record.

16          MS. GRANT:  Excuse me.  I was actually

17     speaking when you interrupted me.

18          MS. CHOI:  Oh.  You still have something

19     to say, Counsel?  I think she froze.  We are

20     done.  We are moving for a protective order.  We

21     can't proceed and maintain this deposition this

22     way especially when Defense Counsel is not even

23     allowing the court reporter to take a break.

24     It's inhumane.

25          MS. GRANT:  That's not true.  And if you

1   say that to the Court, I am going to seek

2   sanctions because you have already displayed

3   your lack the candor with the Court with prior

4   filings and you all have engaged in discovery

5   abuses and you continue to do so.

6           MS. CHOI:  Go ahead.

7           MS. GRANT:  And I don't know why you are

8   smirking at me, but, you know, what I'm going

9   to take it up with the Court, so we can go off

10  the record now.

11          MS. CHOI:  We are not talking anymore.

12  Let's go now.  Thank you, Ms. Waters.

13          MS. GRANT:  Thank you, Ms. Waters.

14   REALTIME ROUGH DRAFT AND UNCERTIFIED TRANSCRIPT

15          The following file is not an official

16  transcript.  It is intended only to aid in case

17  preparation.  The final transcript will be

18  different, both in form and substance, from this

19  rough draft translation.

20          You may see errors and omissions during

21  the realtime translation.  This is not an

22  unusual process, and these errors and omissions

23  will be corrected on the final transcript.

24          Please do not try to bring these

25  discrepancies to the attention of the reporter

103

1    during the course of the deposition.

2              UNOFFICIAL DRAFT TRANSCRIPT

3         ŽTHIS IS AN UNOFFICIAL DRAFT TRANSCRIPT!

4         This transcript has not been checked,

5    proofread or corrected.  It is a draft

6    transcript, NOT a certified transcript.

7         As such, it may contain computer-generated

8    mistranslations of stenotype code, resulting in

9    inaccurate or nonsensical word combinations or

10   untranslated stenotype symbols which cannot be

11   deciphered by non-stenotypists.

12        Corrections will be made in the

13   preparation of the certified transcript,

14   resulting in differences in page and line

15   numbers, punctuation and formatting.

16        THIS DRAFT TRANSCRIPT IS SUPPLIED TO YOU

17   ON THE CONDITION THAT UPON RECEIPT OF THE

18   CERTIFIED TRANSCRIPT, THIS DRAFT AND ANY COPIES

19   THEREOF (IN CONDENSED FORMAT OR OTHERWISE) WILL

20   BE DESTROYED.

21        THE CERTIFIED TRANSCRIPT IS THE ONLY

22   OFFICIAL TRANSCRIPT WHICH MAY BE RELIED UPON FOR

23   PURPOSES OF VERBATIM CITATION OF TESTIMONY.

24

25