UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 21-02710 FLA (RAOx) | Date: | March 17, 2022 |
| Title: | Ian Lenahan v. Target Corp. et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING EX PARTE APPLICATION [30] AND GRANTING APPLICATION FOR LEAVE TO FILE UNTIMELY FILING DUE TO ECF OUTAGE [37]**

On March 9, 2022, Plaintiff Ian Lenahan (Plaintiff") filed an Ex Parte Application for Protective Order against Defendant's Improper Deposition Conduct ("Ex Parte Application"). Dkt. No. 30. On March 11, 2022, the Court ordered the parties to meet and confer on the Ex Parte Application and a separate ex parte application filed by Defendant Target Corporation ("Defendant"), and to file a joint status report by March 14, 2022. Dkt. No. 35. The Court also directed the parties to conduct their meet and confer on the record with a court reporter and to file the transcript of the meet and confer if disputes remained. *Id.* On March 14, 2022, Defendant filed its Opposition ("Opposition") to the Ex Parte Application.[1] Dkt. No. 39. Shortly thereafter, Defendant filed a Notice of Errata, correcting the caption page of its Opposition to reflect that Defendant was not seeking affirmative sanctions. Dkt. No. 40. That same day, the parties filed their status report and submitted the transcript. Dkt. Nos. 41, 42. The

---

[1] Although the Ex Parte Application has a filing date of March 9, 2022, it was not entered on the Court's electronic filing system, CM/ECF, until 0:00 a.m. on March 10, 2022 according to the Notice of Electronic Filing. Because the Notice of Electronic Filing was sent on March 10, 2022, Defendant had until noon on March 11, 2022 to file its Opposition. Due to a disruption to CM/ECF, Defendant was unable to file its Opposition on March 11, 2022. The District's CM/ECF and PACER System Outage Logs, available on the District's public webpage at http://www.cacd.uscourts.gov/e-filing/cmecf-and-pacer-system-outage-logs, reflects the outage on March 11, 2022 from 10:45 a.m. through March 12, 2022 at 9 a.m. The Court **GRANTS** Defendant's Application for Leave for Untimely filing, Dkt. No. 37, and accepts Defendant's Opposition filed on the following business day, March 14, 2022, at 7:45 a.m. *See* Dkt. No. 39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 21-02710 FLA (RAOx) | Date: | March 17, 2022 |
| Title: | Ian Lenahan v. Target Corp. et al. | | |

Court finds the matters suitable for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons below, the Court DENIES Plaintiff's Ex Parte Application.

**I.      The Ex Parte Application**

Ex parte applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192, 193 (C.D. Cal. 1989). Filing an ex parte application "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing *Intermagnetics*, 101 B.R. at 193).

To obtain ex parte relief, the moving party must show that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the moving party "is without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").

The Court denies the Ex Parte Application. As observed in the Court's March 11, 2022 order, the Ex Parte Application does not meet the high standard for entitlement to ex parte relief. *See* Dkt. No. 35. The overarching purpose of the Ex Parte Application is to complain about opposing counsel's conduct at a deposition that already concluded. *See generally* Ex Parte Application. This does not constitute an emergency warranting ex parte relief. The only possible need for ex parte relief is Plaintiff's request for the protective order to issue prior to a third-party deposition on March 11, 2022. *See id.* at 16. But in entering the Ex Parte Application on CM/ECF at 12:00 a.m. on March 10, 2022, Plaintiff made it impossible or highly unlikely that the Court could grant any requested relief prior to the March 11, 2022 deposition. Both the March 11 and March 15 depositions have now passed, and it does not appear that there are any scheduled depositions prior to the March 18, 2022 fact discovery cut-off.

Additionally, even if the Court had been able to address the Ex Parte Application prior to any future deposition, Plaintiff has not shown irreparable injury or prejudice. The Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 21-02710 FLA (RAOx) | Date: | March 17, 2022 |
| Title: | Ian Lenahan v. Target Corp. et al. | | |

reviewed both sides' versions of the March 7, 2022 deposition. The Court does not find that defense counsel's conduct caused any irreparable injury or prejudice at that deposition or that such conduct is likely to cause any irreparable injury or prejudice at any future deposition. Additionally, much of the conduct was specific to the circumstances of the March 7, 2022 deposition and unlikely to recur at another deposition. The Court need not delve deeper into the merits of whether defense counsel's conduct was proper because ex parte relief is not warranted. Accordingly, the Court DENIES Plaintiff's Ex Parte Application.

**II.     The Parties' Meet and Confer Efforts**

The Court must also address the parties' failure to meet and confer on this Ex Parte Application following the Court's March 11, 2022 order. In that order, the Court noted that none of the five motions or ex parte applications raised issues that should require Court intervention. Dkt. No. 35. The Court ordered the parties to meet and confer on the record following the March 11, 2022 deposition or at some other mutually agreeable date and time. *Id.* The order is clear that counsel must meet and confer on both ex parte applications. *Id.* Both sides' counsel were placed on notice that the Court would consider imposing sanctions for any failure to cooperate in good faith in the meet and confer process. *Id.*

The parties' joint status report explains that counsel met and conferred on March 11, 2022 for approximately 1 hour and 15 minutes by Zoom, but failed to reach any agreement. Dkt. No. 42. The parties later reached some agreement regarding Plaintiff's deposition taking place on March 15, 2022, and Defendant withdrew its ex parte application. *See id.*; Dkt. No. 38.

The Court has reviewed the transcript of the March 11, 2022 meet and confer discussion. Though there was some substantive discussion on Plaintiff's deposition, most of the conferral was unproductive. The parties primarily talked about prior conduct, including what was or was not said in filings to the Court and various email and phone exchanges. The Court could detail specific portions that were improper or unproductive, but declines to do so. All counsel contributed to the lack of productiveness of the discussion, and no individual counsel was completely or primarily at fault for the parties' failure to reach an agreement on March 11, 2022.

Instead, the Court will focus on the parties' efforts to complete their meet and confer efforts after the March 11, 2022 discussion. Because the court reporter had to be released at a specific time, counsel had to stop their conferral without completing their efforts to resolve the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 21-02710 FLA (RAOx) | Date: | March 17, 2022 |
| Title: | Ian Lenahan v. Target Corp. et al. | | |

two ex parte applications.  When it became clear that counsel would be unable to complete their discussions by the time the court reporter needed to be released, Defendant's counsel observed that the parties had not discussed Plaintiff's Ex Parte Application at all and that they had not exchanged enough substantive discussion about either ex parte application.  *See* Tr. 45:9-19; 46:7-11.  Defendant's counsel suggested further discussions over the weekend, but Plaintiff's counsel rejected this proposal, concluding that meet and confer was unproductive and he would "rather submit this transcript to the Court."  Tr. 46:24-54:9.  Following the conclusion of the March 11, 2022 discussion, Defendant worked to reach an agreement on Plaintiff's deposition and withdrew its ex parte application.  In contrast, there appears to have been no subsequent effort by Plaintiff's counsel to reach any sort of agreement, nor does it appear that counsel considered withdrawing or narrowing the Ex Parte Application after much of Plaintiff's requested relief became moot.

On this record, the Court finds that Defendant's counsel made a good faith effort to complete meet and confer efforts while Plaintiff's counsel did not.  Rejecting opposing counsel's offer to complete the meet and confer discussions at a later time was not appropriate.  Plaintiff's counsel's statement that he would rather "bring this to the judge and then have the judge actually review the transcript," Tr. 46:3-4, suggests that counsel did not approach the meet and confer discussions in good faith to resolve the disputes.[2]  The Court has reviewed defense counsel's statements, particularly at the end of the March 11, 2022 conferral, *see* Tr. 45:9-19; 50:17-53:7, and does not agree with Plaintiff's counsel that further meet and confer would have been unproductive.  In fact, further meet and confer by email appears to have resolved Defendant's ex parte application.  It would be within the discretion of the Court to impose monetary sanctions, but the Court will only issue an admonishment at this time.  Plaintiff's counsel is admonished for failing to comply with the Court's order to meet and confer in good faith with Defendant's counsel regarding this Ex Parte Application.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | dl |

---

[2] Another example of Plaintiff's counsel not approaching the conferral in good faith is his suggestion to stop discussions immediately after Defendant's counsel mentioned the possibility of an in-person deposition.  *See* Tr. 13:16-22.